IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS M. WILSON, et al.,

      **Plaintiffs,**

v.                                              Case No.: 2:16-cv-05279

MRO CORPORATION, et al.,

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion to Compel Discovery Against Defendant CIOX Health, LLC. (ECF No. 95). CIOX Health, LLC ("CIOX") filed a response in opposition to the motion to compel, (ECF No. 109), and Plaintiffs' filed a reply memorandum. (ECF No. 120). CIOX filed a Motion for Leave to File a Sur-reply in Opposition to Plaintiffs' Motion to Compel Discovery, (ECF No. 126), which is **GRANTED**. Although the undersigned has taken into account the arguments contained in the sur-reply, it is worth reminding the parties that sur-replies are not favored in this district and should not be regularly filed. Having fully considered the arguments of the parties, the court **GRANTS**, in part, and **DENIES**, in part, the Motion to Compel.

**I.**    **Relevant Facts**

This putative class action alleges that the defendants systematically overcharged patients for copies of their medical records from health care providers located in West Virginia, in violation of the State's consumer protection laws and its laws governing the production of health care information. The defendants are companies that contract with

1

West Virginia health care providers to process and fulfill requests for medical records made by patients and their representatives. According to the complaint, West Virginia law limits the amount that a provider can charge a patient for a copy of his or her medical records to a reasonable, cost-based fee. Plaintiffs allege that, contrary to law, the defendants have charged far in excess of a reasonable, cost-based fee in order to realize large profits at the expense of the patients. Plaintiffs are individuals that have requested medical records from West Virginia-based health care providers and claim to have been overcharged by the defendants. They sue on their own behalf and on behalf of all others who have been overcharged by the defendants for copies of West Virginia medical records.

Currently at issue is the sufficiency of discovery answers provided by one of the defendants, CIOX. Plaintiffs argue that CIOX has failed to provide complete answers to a number of interrogatories and requests for the production of documents. Plaintiffs contend that CIOX has asserted three overarching objections to the various discovery requests, and these objections are uniformly improper. In response, CIOX maintains that its objections are valid and should be upheld. The court will address the objections in turn.

## II. Discussion

As a preliminary matter, Plaintiffs moved to compel answers to their First Request for the Production of Documents ("First Request") Nos. 1 and 2 on the basis that CIOX agreed to produce responsive documents after entry of a protective order, but failed to do so. As those documents have now been provided, Plaintiffs' motion to compel answers to First Request Nos. 1 and 2 is **DENIED**, as moot.

### Arbitrary Cut-off of January 1, 2011

Plaintiffs complain that CIOX arbitrarily imposed a time frame that begins on January 1, 2011 for its responses to Interrogatory Nos. 4, 5, 6, 7, and 8 and First Request

Nos. 5, 6, 7, 10, and 11. Plaintiffs argue that CIOX has been overcharging patients for a much longer period; therefore, it had no basis upon which to limit the discovery requests to the selected time frame. Plaintiffs propose a time frame that begins on January 1, 2009. CIOX responds that the discovery requests were overly broad, as written, because they included no time parameters; therefore, CIOX was forced to select a relevant period. CIOX chose January 1, 2011 as the starting date based upon the applicable one to four-year statute of limitations. Plaintiffs contest the accuracy of a one to four-year limitations period, arguing that when applying West Virginia's statute of limitations for contracts, the period at issue is much longer than the five years selected by CIOX.

However, as CIOX points out in its sur-reply, Plaintiffs have not expressly alleged a breach of contract claim. Instead, they accuse the defendants of violating the West Virginia Consumer Credit and Protection Act ("WVCCPA") and West Virginia Code § 16-29-1, *et seq.* CIOX correctly notes that the WVCCPA has up to a four-year statute of limitations. *See Litten v. Quicken Loans, Inc.*, No. 1:13CV192, 2013 WL 6001256, at *8 (N.D.W. Va. Nov. 12, 2013). West Virginia Code § 16-29-1, *et seq.*, having no explicit limitations period, is governed by the general statute of limitations contained in West Virginia Code § 55-2-12. In view of the applicable limitations period for Plaintiffs' claims, and considering that the scope of discovery must be proportional to the needs of the case, the undersigned agrees with CIOX. *See* Fed. R. Civ. P. 26(b), Consequently, Plaintiffs' motion to compel information created prior to January 1, 2011 is **DENIED**.

### Relevancy and Burdensomeness

Plaintiffs assert that CIOX refused to provide certain information sought in Interrogatory No. 11 and First Request Nos. 5, 6, 7, 10, and 11, as well as Second Request for the Production of Documents ("Second Request") Nos. 1 and 2, claiming irrelevancy

3

and burdensomeness; grounds which are not well-supported. First, with respect to Interrogatory No. 11, Plaintiffs contend that CIOX was asked to clarify the steps it takes to access records from the various health care providers with whom it contracts. In response, CIOX provided only a cursory review of various tasks, but did not provide details sufficient to convey the workings of the process.

> Interrogatory No. 11 asks:
>
> For each healthcare provider for which you processed medical records requests, both paper and electronic, in West Virginia, please identify how you accessed patient medical records at each healthcare provider by stating whether they were accessed through paper file, the healthcare provider's computer system, or by remote access. If the method of access changed over time, identify [how] the records were accessed for all periods of time at each healthcare provider.

(ECF No. 95-3 at 7). CIOX objected to the interrogatory on the basis that it was overly broad, because it requested information about all West Virginia health care providers, not just Plaintiffs' providers, and it set no time frames. (*Id.*). Without waiving the objections, CIOX referred Plaintiffs to its answer to Interrogatory No. 3, in which CIOX stated that it followed a 45-step procedure for processing a release of information request and briefly reviewed the steps.

The undersigned finds that CIOX's objections to Interrogatory No. 11 are not entirely valid. The interrogatory explicitly asks for the route by which CIOX accessed medical records at each health care provider serviced by CIOX. The answer to Interrogatory No. 3 does not provide that information. Moreover, the putative class includes all patients requesting medical records from West Virginia health care providers, who delegated the request to CIOX—not just the two hospitals from which the named Plaintiffs sought records. "Plaintiffs [are] entitled to pre-certification discovery to establish the record the court needs to determine whether the requirements for a class

4

action suit have been met." *Buchanan v. Consolidated Stores Corp.,* 217 F.R.D. 178, 185 (D. Md. 2003) (citing *Miller v. Baltimore Gas & Elec. Co.,* 202 F.R.D. 195, 201-02 (D. Md. 2001)). Clearly, the manner in which CIOX responded to records requests made to various West Virginia facilities and providers is relevant in determining class certification. Accordingly, Plaintiffs' motion to compel a more complete response to Interrogatory No. 11 is **GRANTED**. CIOX is **ORDERED** to provide a response relevant to each West Virginia health care provider it serviced for the period of January 1, 2011 through the date on which the interrogatory was served.

For the same reason, CIOX is **ORDERED** to supplement its response to First Request No. 7 and produce its contracts with the remaining West Virginia health care providers serviced by CIOX. The contracts are relevant and discoverable. CIOX has not demonstrated any significant burden associated with producing the contracts. Given CIOX's representation that it contracted with approximately 30 providers in West Virginia, collecting and producing the remaining contracts should not be overly difficult. CIOX's supplemental responses to Interrogatory No. 11 and First Request No. 7 shall be served within **fourteen (14) days** of the date of this Order.

Concerning First Request Nos. 5, 6, 10, and 11, Plaintiffs' motion to compel is **HELD IN ABEYANCE**. Plaintiffs agree that CIOX has "generally provided the information Plaintiff[s] seek," but they want supporting documentation to verify the responses provided by CIOX. CIOX contends that there is no readily available supporting documentation; instead, to fully respond to the requests, CIOX would have to collect all 80,000 invoices issued to patients with copies of their West Virginia treatment records.

Fed. R. Civ. P. 26(c) provides that the scope of discovery may be limited by proportionality considerations. One such consideration is whether the burden and

expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(c). CIOX has supplied Plaintiffs with summary data containing the essential information sought by Plaintiffs in First Request Nos. 5, 6, 10, and 11. Plaintiffs have articulated no factual basis to mistrust the accuracy of the data produced by CIOX. Nonetheless, both parties agree that additional documentation exists (the invoices), which would be responsive to the requests. CIOX argues, without evidentiary support, that collecting, copying, and producing the invoices would be a "monumental undertaking," requiring at least 80 hours. Thus, the question before the court is whether compelling production of the individual invoices is justified given the data summary already supplied to Plaintiffs. Unfortunately, the record is inadequate to answer the question. Consequently, the parties are **ORDERED** to meet and confer within two weeks of this Order and determine whether they can compromise this dispute. The parties should bear in mind the parameters of discovery set forth in this Order. If they reach an agreement, the parties shall notify the court. If no resolution is possible, the parties shall file focused briefs on this point on or before **March 3, 2017.** CIOX is advised that it must provide evidentiary support for its burdensomeness argument, or production of the invoices will likely be compelled. *See Convertino v. U.S. Dept. of Justice,* 565 F.Supp.2d 10, 15 (D.D.C. 2008).

Finally, in regard to Second Request Nos. 1 and 2, Plaintiffs' motion to compel is **DENIED**. Plaintiffs allege that CIOX included state sales tax on its invoices for medical records. Second Request Nos. 1 and 2 reportedly are designed to determine if CIOX forwarded the sales tax it collected to the West Virginia Department of Tax and Revenue. Plaintiffs indicate that if the taxes were not forwarded, their damages are greater. However, if the taxes were paid to the State, Plaintiffs would not seek those amounts as part of the alleged damages. CIOX argues in response that it acts as an agent for the

6

Department of Tax and Revenue when it collects sales tax, and Plaintiffs are precluded from asserting a private cause of action based on CIOX's collection of taxes. As such, CIOX claims that the issue of whether it forwarded the sales tax to the Department of Tax and Revenue is irrelevant.

Without addressing CIOX's argument regarding the propriety of a tax-based claim by Plaintiffs, the undersigned finds the document requests to seek information disproportional to the needs of the case. First, whether or not it was proper for CIOX to assess sales tax on the production of patient medical records is a matter of law that cannot be answered with the tax documentation. Second, documents reflecting the payment of sales tax to the Department of Tax and Revenue would not serve the purpose claimed by Plaintiffs. If the amount of the invoices issued by CIOX were inflated, then the amount of the sales tax on the invoices would likewise be inflated. Thus, production of the tax records does not eliminate Plaintiffs' claim for refunds of the inflated amounts. Finally, the information sought by Plaintiffs can be obtained through other methods of discovery much more convenient and less burdensome than production of CIOX's tax information.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED**: February 10, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge