IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**THOMAS M. WILSON, et al.,**

    **Plaintiffs,**

v.                                               Case No.: 2:16-cv-05279

**MRO CORPORATION, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant CIOX Health, LLC's Motion to Compel Complete Discovery Responses from Plaintiffs. (ECF No. 103). Plaintiff filed a response in opposition to the motion, (ECF No. 114), and CIOX Health, LLC ("CIOX") filed a reply memorandum. (ECF No. 123). Having considered the arguments of the parties, the court **GRANTS**, in part, and **DENIES**, in part, the motion to compel. In addition, the court **DENIES** CIOX's motion for reasonable expenses pursuant to Fed. R. Civ. P. 37(a).

**I.**     **Relevant Facts**

This putative class action alleges that the defendants systematically overcharged patients for copies of their medical records from health care providers located in West Virginia, in violation of federal law, West Virginia's consumer protection laws, and its laws governing the production of health care information. The defendants are companies that contract with West Virginia health care providers to process and fulfill requests for medical records made by patients and their representatives. According to the complaint, West Virginia law limits the amount that a provider can charge a patient for a copy of his

1

or her medical records to a reasonable, cost-based fee. Plaintiffs allege that, contrary to law, the defendants have charged far in excess of a reasonable, cost-based fee in order to realize large profits at the expense of the patients. Plaintiffs are individuals that have requested medical records from West Virginia-based health care providers and claim to have been overcharged by the defendants. They sue on their own behalf and on behalf of all others who have been overcharged by the defendants for copies of West Virginia medical records.

Currently at issue is the sufficiency of discovery answers provided by one of the plaintiffs, Daniel Halsey, the administrator of the Estate of Tamara Halsey. CIOX argues that Plaintiff Halsey failed to provide complete answers to Interrogatory Nos. 2, 10, 15, 16, and 26-32; Request for the Production of Documents No. 2; and Request for Admission Nos. 17 and 22. The court will address each category of discovery in turn.

## II. Discussion

### A. Interrogatories

In Interrogatory No. 2, CIOX seeks information regarding the relationship between Plaintiff Halsey and the law firm of Tiano O'Dell, PLLC ("Law Firm"). Plaintiff has provided substantial information; however, CIOX argues that Plaintiff has failed to clarify the nature of his relationship with the Law Firm at the time the Law Firm requested the medical records of Tamara Halsey on behalf of Plaintiff. In addition, Plaintiff has failed to specify the inception date of the relationship between Plaintiff and the Law Firm. According to CIOX, this information is relevant to one of its principal defenses; that being, that Plaintiff does not have standing to sue. In view of his detailed answer, Plaintiff argues that all relevant information has been provided.

CIOX points out that Plaintiff relies, in part, on West Virginia Code § 16-29-1, *et seq.* Key changes were made to the language of the statute in June 2014. Accordingly, the date Plaintiff's relationship with the Law Firm began and the scope of the relationship at the time the request was made for Ms. Halsey's records are significant to establishing which version of the statute applies to Plaintiff's claim. CIOX also notes that Plaintiff Halsey retained the Law Firm for more than one matter. CIOX claims that it is entitled to know about the other matters "as they may have also involved Tamara Halsey's Bluefield Regional Medical Center medical records, or the procurement of medical records from another West Virginia health information management provider." (ECF No. 103 at 4).

Fed. R. Civ. P. 26 allows parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Considering the importance of the statute to Plaintiff's claim, the change in the statutory language during the putative class period, and parties' relative access to the information requested, the court grants CIOX's motion to compel a more complete response to this interrogatory. Within **fourteen (14) days** of the date of this Order, Plaintiff Halsey is **ORDERED** to provide CIOX with the following information for the time period beginning on January 1, 2011: (1) the date that his relationship with the Law Firm began relative to the wrongful death case involving Tamara Hensley; (2) the nature of the relationship between Plaintiff and the Law Firm at the time the request for Ms. Halsey's

3

records was made to CIOX or its predecessor; and (3) the dates on which Plaintiff worked with the Law Firm on any other matter that resulted in a request for Ms. Halsey's medical records.

With respect to Interrogatory No. 10, CIOX asserts that Plaintiff has not provided specific information on how he intends to calculate his damages. Plaintiff believes that he has fully responded to the question. Although the intent of Plaintiff's answer is clear, given the change in the language of West Virginia Code § 16-29-1, *et seq.*, Plaintiff's answer may be incomplete. Consequently, CIOX's motion is granted. For any request of records made and received between January 1, 2011 and June 4, 2014, Plaintiff shall provide CIOX with an explanation as to how Plaintiff intends to calculate damages. For the period beginning on June 5, 2014 and thereafter, Plaintiff shall supplement his answer to explain how interest, costs, and fees, if any, will be calculated. Plaintiff shall provide this information to CIOX within **fourteen (14) days** of the date of this Order.

Next, CIOX claims that Plaintiff's responses to Interrogatory Nos. 15 and 16 are incomplete, because they do not define the terms "authorized agent" and "authorized representative," which were used by Plaintiff in specifying proper classes and sub-classes to be certified in this case. Plaintiff responds that he is merely using terms taken verbatim from the West Virginia statute. Nonetheless, the statute does not define the terms. Accordingly, CIOX is entitled to know the definitions intended by Plaintiff, so that a proposed class or subclass can be challenged at the time of certification. Therefore, CIOX's motion to compel complete responses to Interrogatory Nos. 15 and 16 is granted. Within **fourteen (14) days** of the date of this Order, Plaintiff shall supplement his response by providing definitions to those terms.

In regard to Interrogatory Nos. 26-32, the parties agreed to limit the number of interrogatories to 25 per party. Based upon the agreement of the parties, the court entered an order adopting the limitation. CIOX has no authority to unilaterally change the scheduling order; instead, CIOX must make a motion seeking a modification of the order and must show good cause for any proposed change. *See* Fed R. Civ. P. 16(b)(4). No motion seeking leave to file in excess of 25 interrogatories has been granted. Accordingly, CIOX's motion to compel Interrogatory Nos. 26-32 is denied.

## B. Request for the Production of Documents

CIOX complains that when Plaintiff was asked to produce a copy of his retention agreement with the Law Firm, he supplied "a heavily redacted purported fee agreement … that does not set forth a date or the terms and scope of the relationship between the law firm and Plaintiffs [sic]." (ECF No. 103 at 14). Plaintiff argues that he has produced all of the relevant sections of the fee agreement, and no other sections are pertinent to the issues in dispute.[1] He adds that CIOX has "set forth no reasons it needs access to any other portion of the Fee Agreement or protected written communication between Plaintiff and his counsel." (ECF No. 114 at 7-8). In fact, CIOX has stated reasons justifying the production of the entire fee agreement. Furthermore, as a general rule, "the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. This includes, of

---

[1] Initially, Plaintiff asserted that the attorney-client privilege protected the fee/retention agreement from disclosure. However, as CIOX notes, fee and retention agreements typically are not considered privileged communications. *See Bowman v. Green Tree Servicing, Inc.,* No. 3:12-CV-31, 2012 WL 4849616, at * 3 (N.D. W. Va. Oct. 11, 2012) ("The authority is unanimous for the proposition that 'in absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship.'") (citations omitted). The Supreme Court of Appeals of West Virginia adopted this position in *State ex rel. Montpelier U.S. Ins. Co. v. Bloom*, 757 S.E.2d 788, 800–01 (W. Va. 2014), adding that such agreements are not shielded from discovery as attorney work product either. *Id.*

course, where the resisting party asserts that the discovery is irrelevant." *United Oil Co., Inc. v. Parts Assocs., Inc.,* 227 F.R.D. 404, 411 (D. Md. 2005). Plaintiff has not alleged that the fee agreement contains disclosures of confidential information or mental impressions, conclusions, or opinions in the nature of work product that would merit redactions. Consequently, the fee agreement is simply one of many "routine office records that fall outside the definition of trial preparation records [or confidential communications], and, consequently, are not covered by attorney-client privilege or work product." *State ex rel. Montpelier U.S. Ins. Co.,* 757 S.E.2d at 800 (quoting *Martin v. Martin,* No. 2011–T–0034, 2012 WL 5195816, at *9 (Ohio App. 2012)). Because Plaintiff has not demonstrated a clear and defined reason for withholding the fee agreement, the court grants CIOX's motion to compel the entire agreement. Plaintiff shall produce an unredacted copy of the agreement within **fourteen (14) days** of the date of this Order.

### C. Requests for Admission

CIOX argues that Plaintiff's responses to Request for Admission Nos. 17 and 22 are "disingenuously deflective," because Plaintiff refused to admit that he paid CIOX for medical records that CIOX provided to Plaintiff's counsel. However, Plaintiff explained in his answers that he could not admit nor deny the requests, because the records were supplied by HealthPort, and the payment was made to HealthPort, a predecessor entity. CIOX contends that, despite Plaintiff's protestations to the contrary, he was fully aware of the relationship between CIOX and HealthPort, and could have freely admitted the requests. Instead, he refused to do so; in essence, to be difficult.

While it is true that gamesmanship has no place in modern federal discovery, the undersigned finds that Plaintiff had a legitimate reason for equivocating in his answers. Once a party admits a request for admission, that matter is conclusively established unless

the court allows an amendment or withdrawal. Fed. R. Civ. P. 36(b). Here, the disputed requests for admission were not, on their face, accurate. Rather than blithely conceding facts that technically were not correct, Plaintiff neither admitted, nor denied the requests and explained the reason for his hesitancy. CIOX quibbles with that choice, but in the alternative, Plaintiff could have denied the requests for admission outright and not provided an explanation at all; a tact that certainly would have been perceived as disingenuous.

In any event, the requests for admission, as written, are factually flawed. Plaintiff did not remit payment to CIOX, and CIOX did not send the records to Plaintiff. Instead, Plaintiff dealt with HealthPort, CIOX's predecessor entity. Whether such a distinction will make any difference in the end is unknown. Nevertheless, Plaintiff should not be compelled to admit requests for admission that are not correct on their face, nor conduct exhaustive research on the legal relationship between CIOX and HealthPort in order to respond to the requests; particularly when, if they had been written in a manner that correctly conveyed the facts, they would have been simple to answer. Such an obligation would be disproportional to the needs of the case. Therefore, CIOX's motion to compel responses to Request for Admission Nos. 17 and 22 is denied. CIOX certainly is entitled to rephrase the requests, or seek a stipulation from Plaintiff regarding the undisputed facts.

### D. Motion for Reasonable Expenses

Fed. R. Civ. P. 37(a)(5) requires the court to award reasonable expenses when a motion to compel is granted or discovery is provided after the filing of a motion to compel. Fed. R. Civ. P. 37(a)(5). However, reasonable expenses must not be ordered if (1) the movant filed the motion to compel prior to attempting in good faith to obtain the

responses to discovery; (2) the opposing party's responses were substantially justified; or (3) other circumstances make an award of expenses unjust. *Id.* Here, an award of reasonable expenses would be inappropriate for several reasons.

First, based upon the information provided in CIOX's motion to compel, CIOX did not comply with the local rules of this district in its attempts to obtain good faith responses to the discovery. Local R. Civ. P. 37.1(b) provides:

> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

According to this rule, correspondence and email communications are not the equivalent of a meet-and-confer. While a failure to meet and confer will not prevent a party from succeeding on a motion to compel, the failure may prevent an award of reasonable expenses. *See HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12-CV-00668, 2014 WL 317820, at *7 (S.D. W. Va. Jan. 28, 2014) (citing *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D. W. Va. 2007)). Moreover, the fact that the parties have filed four discovery motions in less than one month's time suggests that there is a failure on both sides to engage in substantive meet-and-confer sessions. Consequently, the circumstances in the present case do not merit making an exception to the local rule.

Second, CIOX was not entirely successful in its motion to compel. Fed. R. Civ. P. 37(a)(5)(C) allows the court to apportion reasonable expenses when a motion is granted, in part, and denied, in part. In this case, answers to four interrogatories and one document request were compelled, and answers to seven interrogatories and two requests for admission were not compelled. The undersigned finds the result to be a draw; thus, an award of reasonable expenses is not merited.

8

Finally, an award of expenses would be unjust given that Plaintiffs recently succeeded, in part, on a motion to compel, and expenses were not awarded. In that situation, as in this one, the moving party did not fulfill its duty to meet and confer and did not fully succeed on its motion. In summary, neither party is complying with the requirements of the local rule. Their failures to meet and confer are taxing the court and burdening the discovery process. As such, until the moving party works harder to resolve its discovery disputes—*before* filing a motion—expenses will not be justified.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** February 14, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge