# Exhibit A

## SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE IN FULL OF ALL CLAIMS

This Settlement Agreement and Release ("Agreement") is entered into this ____ day of June, 2017, by and between Plaintiffs, Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin, individually and as representatives of the "Settlement Class" (as defined herein) (collectively, "Plaintiffs"), and MRO Corporation, CIOX Health, LLC and Medi-Copy Services, Inc. (collectively, the "Defendants"). This Agreement, together with its Exhibits, is intended by the parties to fully, finally, and forever resolve, discharge, and settle the claims released through the settlement set forth herein.

I.      Definitions

As used in this Agreement, capitalized terms have the meanings specified below:

        a.      "Action" means and refers to the matter entitled, *Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin, individually and on behalf of all others similarly situated v. MRO Corporation, CIOX Health, LLC and Medi-Copy Services, Inc.*, Civil Action No. 2:16-CV-05279, pending in the United States District Court for the Southern District of West Virginia, Charleston Division.

        b.      "CIOX" means CIOX Health, LLC, individually and as predecessor-in-interest to HealthPort Technologies, LLC, IOD, Inc., Care Communications, Inc., ECS, ChartOne, Inc., and Smart Professional Photocopy Corporation.

        c.      "Medi-Copy" means Medi-Copy Services, Inc.

        d.      "MRO" means MRO Corporation.

        e.      "Defendants" means CIOX, Medi-Copy and MRO, collectively.

f.      "ROI Request" means a release of information request seeking copies of medical records from any West Virginia Medical Provider, as that term is defined below.

g.      "Named Plaintiffs" means Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin.

h.      "Plaintiffs" means the Named Plaintiffs and all Class Members.

i.      "West Virginia Medical Provider" means any hospital, medical facility, physician or pharmacy located within the state of West Virginia for which one or more of the Defendants provided ROI services during the Class Period, including but not limited to those set forth in Exhibit A; "West Virginia Medical Providers" are all such providers for which Defendants provided ROI services during the Class Period.

j.      "Attorney" means any lawyer, legal representative or law firm that submitted to a West Virginia Medical Provider, and paid for, an ROI Request for patient records pursuant to a written release, that was processed and billed by one or more of the Defendants during the Class Period.

k.      "Claimant" means any Class Member who timely submits a completed Proof of Claim in such manner and within such time as provided herein and in the Class Notice and Proof of Claim.

l.      "Claims Administrator" means Analytics Consulting, LLC, which shall be solely liable for the administration of the class.  Defendants, Plaintiffs and their counsel shall have no liability for any errors, omissions, or negligence of the Claims Administrator in the performance of its duties.

m.     "Claim Period" means the period of time in which a Class Member may submit a Valid Claim to be eligible to receive a payment as part of the settlement. The last day of the Claim Period will be no later than forty-five (45) days after the date set for the Final Approval Hearing.

n.     "Class Period" means December 1, 2010 through July 5, 2017.

o.     "Class Counsel" means William Tiano and Cheryl Fisher of Tiano O'Dell, PLLC, 118 Capitol Street, Charleston, WV 25301.

p.     "Class List" means the list of Patients and Attorneys identified in Defendants' records as having expressly requested copies of medical records from one or more West Virginia Medical Providers during the Class Period and as having subsequently paid a fee to one or more Defendants to obtain copies of the requested medical records.

q.     "Class Member" means a Person that is a member or putative member of the Settlement Class defined in subparagraph (ll) below, who does not timely opt out of the Settlement Class.

r.     "Class Notice" means the Full Class Notice and Proof of Claim that will be provided to the Settlement Class by email or mail, depending on the requestor type, and the Settlement Webpage that will be established, and made available to the Settlement Class, pursuant to this Agreement.

s.     "Subclass 1" means any Attorney, pursuant to written authorization, or Patient who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia Medical Provider serviced by any of the Defendants and paid a per-page fee to obtain copies.

t.      "Subclass 2" means any Patient who, on one or more occasions between June 6, 2014 and July 5, 2017 sought, in writing, copies of his/her medical records from a West Virginia Medical Provider serviced by any of the Defendants and paid a per-page fee to obtain copies.

u.      "Subclass 3" means any Attorney, pursuant to written authorization, who, on one or more occasions between June 6, 2014 and July 5, 2017, sought, in writing,  copies of a patient's medical records from a West Virginia Medical Provider serviced by any of the Defendants and paid a per-page fee to obtain copies.

v.      "Subclass 4" means any Attorney, pursuant to written authorization, or Patient who, on one or more occasions sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants, and paid a retrieval fee assessed by any Defendant between June 6, 2014 and July 5, 2017.

w.      "Court" means the United States District Court for the Southern District of West Virginia, Charleston Division.

x.      "Effective Date" means the date ten (10) calendar days after each and all of the following conditions have occurred: (a) this Agreement has been signed by Named Plaintiffs, Class Counsel, and Defendants; (b) orders have been entered by the Court conditionally certifying the Settlement Class, granting preliminary approval of the settlement, and approving the Class Notice and Proof of Claim; (c) the Court-approved Class Notice has been duly provided as ordered by the Court; (d) the Court has entered its Final Approval Order and appeal rights have expired or been exhausted; (e) the Court has entered a final order with respect to any attorneys' fees and expenses to be awarded to Class Counsel and appeal rights have expired or been exhausted; (f) the Court has entered a final order with respect to the incentive payment to be awarded to Named Plaintiffs and appeal rights have expired or been exhausted; and (g) the Court has entered its Judgment dismissing

4

the Action with prejudice, said Judgment has become Final, and appeal rights have expired or been exhausted.

   y.  "Eligible Request" means a request by a Patient or Attorney for copies of medical records from one of the West Virginia Medical Providers and/or Released Parties, as defined below, during the Class Period for which the requestor subsequently paid any of the Defendants a fee.

   z.  "Final Approval" means that this Agreement has been approved by the Court and the Judgment has been entered in accordance with this Agreement.

   aa.  "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve the settlement set forth in this Agreement as fair, reasonable, and adequate.

   bb.  "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, the Parties' proposed form of which is attached hereto as Exhibit B.

   cc.  "Full Class Notice" means the written "Notice of Pendency of Class Action and-Proposed Settlement," the Parties' proposed form of which is attached hereto as Exhibit C, that will be provided to the Settlement Class, by mail or email, depending on the requestor, and made available for download on the Settlement Webpage that will be established pursuant to this Agreement.

   dd.  "Judgment" means the final judgment and order granting final approval of the settlement. The Judgment shall be deemed "Final": (a) thirty (30) calendar days after the Final Approval Order and Judgment are entered if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding the Final Approval Order and/or Judgment; or (b) if any such document is filed, then ten (10) calendar days after the date upon which

all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action.

ee.     "Parties" means, collectively, Plaintiffs and Defendants.

ff.     "Patient" means any individual who received medical treatment and/or services from a West Virginia Medical Provider, and who submitted one or more Release of Information Requests seeking copies of his/her medical records, during the Class Period, which were processed and billed by Defendants, and paid, as well as any executor or administrator of the estate of a deceased patient, the parent or legal guardian of a minor patient, the holder of a power of attorney for an incapacitated patient, and similar legally appointed representatives of patients who are unable to act for themselves, who submitted one or more Release of Information Requests seeking copies of the medical records of the individual for whom they were a legal representative, during the Class Period, which were processed and billed by Defendants, and paid.

gg.     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and their spouses, heirs, predecessors, successors, agents, representatives, or assignees.

hh.     "Preliminary Approval Order" means the order entered by the Court in connection with the preliminary approval hearing on the settlement, the Parties' proposed form of which is attached hereto as Exhibit D.

ii.     "Proof of Claim" means the claim form distributed by mail or email, depending on the requestor, along with Full Class Notice that Class Members or their attorneys must timely return

by mail or complete on the Settlement Webpage, in order to apply for a cash payment under the settlement, the Parties' proposed form of which is attached hereto as Exhibit E.

jj.      "Released Claims" means and includes any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, and including, but not limited to, breach of contract, unjust enrichment, specific performance, promissory estoppel, unfair trade practice, violation of W. Va. Code §§ 16-29-1, *et seq.* or any similar law of any other state that might be applied to a ROI Request covered by this settlement, violation of HIPAA or HITECH, violation of state or federal consumer protection statutes, and violation of West Virginia Consumer Credit and Protection Act, as of the Effective Date of this Agreement, that directly relate to or in any way arise out of: (a) any and all acts, omissions, facts, transactions, occurrences, claims, demands, actions, causes of action, rights, or liabilities alleged, asserted, or referred to in the Action or otherwise arising from Defendants' service of producing copies of medical records during the Class Period; and/or (b) any alleged failure to comply with W. Va. Code §§ 16-29-1, *et seq.*, the West Virginia Consumer Credit and Protection Act, or any similar laws of any other state that might be applied to a ROI Request covered by this settlement, HIPAA, and/or HITECH, or any breach of contract, in connection with the service of processing ROI Requests and/or producing copies of medical records upon request during the Class Period, including, but not limited to, all such claims for general, special, treble, statutory and punitive damages, as well as any and all such claims for penalties, attorneys' fees, and costs of suit. For purposes of the settlement "Released Claims" further specifically extends to and includes any and all claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law,

whether by Constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that directly relate to or in any way arise from, Class Members' ROI Requests to West Virginia Medical Providers and the fees charged to process Class Members' ROI Requests and produce copies of medical records, other than such claims which may be made in connection with the enforcement of this Agreement.

kk.     "Released Parties" means and includes CIOX, Medi-Copy, MRO, their insurers and reinsurers and all West Virginia Medical Providers with whom Defendants contracted during the Class Period to provide ROI and/or medical record reproduction services, including but not limited to those identified in Exhibit A, and each and all of its/their respective direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, officers, directors, employees, attorneys, shareholders, and assigns.  The West Virginia Medical Providers' Released Claims are limited to those arising from or related to ROI Requests processed by Defendants and copies of medical records produced pursuant thereto, and shall not apply to any ROI Requests processed and copies of medical records produced therewith by anyone other than Defendants.

ll.     "Settlement Class" means: All Attorneys pursuant to written authorization, or Patients who on one or more occasions during the Class Period sought, in writing, copies of a patient's medical records from a West Virginia Medical Provider, and had their ROI Request processed and billed by Defendants, and who subsequently: (1) paid Defendants for copies of patient medical records and were not reimbursed for same, or (2) reimbursed their legal representative for the costs advanced on their behalf to obtain copies of medical records.  Counsel for the Parties are specifically excluded from the Settlement Class.  Patients and/or clients of Counsel for the Parties who are eligible Claimants pursuant to the terms of the Settlement Agreement shall not be excluded on the

basis of their association with Counsel for the Parties. Also excluded from the Settlement Class are those persons who validly and timely elect to opt out or otherwise exclude themselves from the Settlement Class.

mm.    "Settlement Costs" means and includes: (i) any incentive award to Plaintiffs; (ii) Class Notice costs (including Full Class Notice, the Settlement Webpage, the emailing/mailing of Full Class Notice, the emailing/mailing of separate Proofs of Claim requested by Class members, and any additional notice ordered by the Court); (iii) administration costs; and (iv) payments to Claimants.

nn.    "Settlement Webpage" means the internet webpage, which will be established by counsel for Defendants as set forth in this Agreement, and which will make available for download the Proof of Claim and Full Class Notice. The Settlement Webpage will likewise provide information as to how Persons in the Settlement Class may submit a Proof of Claim, and provide an additional avenue for the identification of class members and submission of claims.

oo.    "Total Class Value" means the amount that would be paid by Defendants if every Class Member filed a valid Proof of Claim Form.

pp.    "Valid Claim" means a Proof of Claim that is: (a) fully and truthfully completed, with all of the information in the Proof of Claim identified as "required"; (b) postmarked or electronically submitted on or before the date set forth in the Proof of Claim and/or Class Notice; and, if mailed, (c) sent to the address specified in the Proof of Claim.

qq.    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including those capitalized terms included within the attached Exhibits.

II.     Recitals

      The following recitals are material terms of this Agreement. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

      a.     Plaintiffs originally filed the Action on April 28, 2016, and filed an amended complaint on September 23, 2016, asserting numerous claims arising from Defendants' alleged assessment and collection of excessive fees for copies of medical records from West Virginia Medical Providers with whom Defendants' contract to produce healthcare records.

      b.     On June 10, 2016, Medi-Copy removed the Action to the Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and complete diversity, 28 U.S.C. § 1332.

      c.     Defendants vigorously deny all claims asserted against them in the Action, deny all allegations of wrongdoing and liability, and deny all material allegations of the Amended Complaint. Defendants also assert numerous defenses as to liability and damages, and aver that Plaintiffs could not certify a class, were it not for this settlement.

      d.     The Parties have engaged in extensive discovery regarding the claims asserted and the settlement was reached following arm's-length negotiations between Class Counsel and counsel for Defendants over the course of more than a month, which included a mediation session before Attorney Stephen J. Dalesio.

      e.     The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against the Parties except to enforce the terms of the settlement and is not an admission of any wrongdoing or liability on the part of any of the Parties. It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims in this Action as set forth herein.

f.    The Parties understand, acknowledge and agree that for many of the Eligible Requests for copies of medical records resolved by this settlement, there are several potential claimants: (1) Patients who made ROI requests directly; (2) Patients and clients who reimbursed their attorneys for ROI requests made on their behalf; and (3) Attorneys who made ROI requests on behalf of their patient/clients, and were not reimbursed.  There can be only one Claimant for each ROI request, and the Claim must be filed by the person who is out-of-pocket for the cost of the copies delivered.

III.    <u>The Benefits of Settlement</u>

In reaching the settlement set forth herein, Named Plaintiffs and Class Counsel are accounting for the expense and length of trial on the claims alleged, the possible appeals, and the uncertain outcome of, and risk presented by, full litigation through trial of those claims. Class Counsel is mindful of and recognizes the inherent problems of proof under, and alleged defenses to, the alleged claims. Named Plaintiffs and Class Counsel believe that the settlement set forth in this Agreement confers substantial benefits upon the Settlement Class. Based upon their evaluation and investigation, including the formal and informal discovery taken, Named Plaintiffs and Class Counsel determined that the settlement is fair, reasonable and adequate, and in the best interests of Named Plaintiffs and the Settlement Class. Meanwhile, Defendants desire to settle the Action on the terms set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

IV.   Terms of Settlement

    a.   Conditional Certification of Settlement Class

       1.   Solely for the purposes of settlement, providing Class Notice, and implementing this Agreement, the Parties agree to conditional certification of the following Settlement Class, which shall be certified for settlement purposes only:

    ○   All Attorneys, pursuant to written authorization, or Patients who on one or more occasions during the Class Period, sought, in writing, copies of a patient's medical records from a West Virginia Medical Provider, and had their ROI Request processed and billed by any of the Defendants, and who subsequently: (1) paid any Defendant for copies of patient medical records and were not reimbursed for same, or (2) reimbursed their legal representative for the costs advanced on their behalf to obtain copies of medical records.

       2.   Solely for the purposes of settlement, providing Class Notice, and implementing this Agreement, the Parties agree to conditional certification of Settlement Subclasses 1 through 4, as defined below, which shall be certified for settlement purposes only.

       3.   If the Court does not approve the settlement, certification of the Settlement Class and Settlement Subclasses will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action. The Parties will be returned to their positions *status quo ante* with respect to the Action as if the settlement had not been entered into, with the Parties agreeing to refrain from opposing any resultant and reasonable application to further extend the discovery period.

    b.   Settlement Consideration

In complete and final settlement of the Action, and in consideration of this Agreement and Release, and except as noted below, Defendants agree to make payments available, as follows:

1.    To each member of the Settlement Subclasses who timely submits a Valid Claim deemed eligible under the terms of this Agreement, provided that the Effective Date has occurred, the Defendant who received payment from or on behalf of the Class Member will pay the Class Member as follows:

i.   *Subclass 1*: the difference between the per-page amount paid to that Defendant for copies of medical records and the negotiated value of $0.50 per page (*e.g.*, an ROI requestor who paid $0.75 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $250.00 ($0.75 − $0.50 = $0.25 x 1,000 = $250.00)).

ii.   *Subclass 2*: the difference between the per-page amount paid to that Defendant for copies of medical records and the negotiated value of $0.12 per page (e.g., a Patient who requested their records and paid $0.49 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $370.00 ($0.49 − $0.12 = $0.37 x 1,000 = $370.00)).

iii.   *Subclass 3*: the difference between the per-page amount paid to that Defendant for copies of medical records and the negotiated value of $0.28 per page (e.g., an Attorney who requested medical records and paid $0.55 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $270 ($0.55 − $0.28 = $0.27 x 1,000 = $270.00)).

iv.   *Subclass 4*: full reimbursement of any retrieval fees assessed by that Defendant between June 6, 2014 and July 5, 2017, unless assessed subject to a separate agreement between the requestor and Defendant or West Virginia Medical Provider.

2.    No interest will accrue on payments made available through the settlement.

i.   Only one Valid Claim will be honored per records request, which shall be paid as follows:

- For a Patient ROI request, the Patient is entitled to recover the settlement amount.

- For an Attorney ROI request, if the patient or client <u>did not reimburse</u> the Attorney for the payment of any Defendant's invoice(s) as of the date Notice is issued, then Attorney is entitled to recover the settlement amount.  If the patient or client <u>reimbursed</u> the Attorney by any means (i.e., retainer, direct payment, deduction from settlement proceeds, or cost judgment), then the patient or client is eligible to recover.

3. The following are expressly excluded from the Settlement Class:

i. ROI Requests made by a class of requestor other than Patients or Attorneys.

ii. ROI Requests that were not ultimately paid for by a Patient or an Attorney.

iii. ROI Requests that are subject to a separate fee agreement between the requestor and the West Virginia Medical Provider or Defendants.

iv. ROI Requests directed to hospitals, pharmacies, or medical providers outside of West Virginia, related to treatment performed outside of the State of West Virginia.

v. ROI Requests seeking films or diagnostic imaging, including x-ray, computed tomography (CT), computerized axial tomography (CAT scan); fluoroscopy; mammography, bone scan, thyroid scan, thallium cardiac stress test, positron emission tomography (PET or PET scan), magnetic resonance imaging (MRI), magnetic resonance angiography (MRA), ultrasound, and any other diagnostic imaging or radiology.

vi. ROI Requests made by any Attorney and/or law firm representing Defendants and any attorney and/or law firm serving as Class Counsel.[1]

vii. Any copies of medical records obtained pursuant to a subpoena or by order of a Court, Arbitrator or Administrative body.

---

[1] This provision shall not exclude Persons represented by Class Counsel who are eligible members of the Settlement Class from submitting an Eligible Request.

4.      For Valid Claims based on ROI Requests for which payment was made to MRO, MRO is solely responsible for payments due to Class Members under this Section.  For Valid Claims based on ROI Requests for which payment was made to CIOX, CIOX is solely responsible for payments due to Class Members under this Section.  For Valid Claims based on ROI Requests for which payment was made to Medi-Copy, Medi-Copy is solely responsible for payments due to Class Members under this Section.  Defendants who did not receive any payments from or on behalf of a Class Member have no responsibility or obligation with respect to that Class Member, and nothing in this Agreement shall be construed as imposing joint or several liability among the Defendants.

5.      Except as set forth in paragraphs (c)(4), (d)(1) and (d)(5)(i) and (ii) below, the total of the amounts as calculated above on Valid claims based on ROI Requests for which payment was made to a Defendant is the most that that Defendant will pay under this Settlement.

c.      <u>Preliminary Approval and Class Notice</u>

1.      <u>The Preliminary Approval Order.</u> Within fifteen (15) calendar days of the execution of this Agreement, the Parties shall request that the Court enter the Preliminary Approval Order, specifically including provisions that: (a) preliminarily approve the settlement reflected in this Agreement and determine it to be fair, reasonable, and adequate and in the best interest of the Class Members for settlement purposes; (b) conditionally certify the Settlement Class (for settlement purposes only); (c) approve the forms of Class Notice to be provided to the Settlement Class; (d) direct that the Full Class Notice and Proof of Claim be emailed or mailed to each person on the Class List; (e) establish a procedure for Persons in the Settlement Class to object to the settlement or exclude themselves from the Settlement Class, and set a date, not later than ninety (90) calendar days following the date of entry of the Preliminary Approval Order, after which no Person shall be

allowed to object to the settlement or exclude himself or herself from the Settlement Class, or seek to intervene in the Action; (f) pending final determination of whether the settlement should be approved, bar all Persons in the Settlement Class, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; and (g) pending final determination of whether the settlement should be approved, stay all proceeding in the Action except those related to the effectuation of the settlement. The Preliminary Approval Order also will request the Final Approval Hearing to be held not later than one hundred fifteen (115) calendar days following the date of the entry of the Preliminary Approval Order by the Court. The Parties expressly acknowledge that the claims administration process will not be completed by the date of the requested Final Approval Hearing. The Parties further expressly acknowledge that the Court will schedule the Final Approval Hearing as the Court deems appropriate.

2.  <u>Timing of Class Notice.</u> Class Notice shall be sent within thirty (30) calendar days following the date of entry of the Preliminary Approval Order by the Court.

3.  <u>Procedure and Format of Class Notice.</u> Each Attorney listed on the Class List shall be emailed a Full Class Notice and Proof(s) of Claim form using the attorney email address maintained by the West Virginia State Bar. To the extent any attorney emails are unavailable or are returned to sender, they will be provided notice by letter at the address reflected on the Class List, as updated by written signed communications and/or the West Virginia State Bar. Each Patient listed on the Class List shall be mailed a Full Class Notice and Proof(s) of Claim form by letter at the address reflected on the Class List, as updated by written signed communications or using the national change of address resources offered by the United States Postal Service. To the extent provided by mail, the Full Class Notice and Proof(s) of Claim may be sent via bulk or standard mail.

In the event the Full Class Notice and Proof(s) of Claim are returned undeliverable, absent error on the part of the Claims Administrator, Defendants shall have no further obligation to re-mail same. The Full Class Notice will (i) provide each Attorney with a list of patients for whom they submitted ROI Requests for copies of medical records from one or more of the West Virginia Medical Providers serviced by Defendants during the Class Period, and on behalf of whom a fee was paid for copies of the medical records; and provide each Patient with notice that they submitted and paid one or more ROI requests for copies of medical records from West Virginia Medical Providers serviced by Defendants during the Class Period; (ii) direct Attorneys and Patients who submitted an ROI Request and paid a fee for copies of medical records from one or more West Virginia Medical Providers serviced by Defendants during the Class Period, and are, therefore, Class Members, to submit the enclosed Proof of Claim should they wish to participate in the settlement; (iii) request that Attorneys who requested copies of medical records on behalf of a client to send the Class Notice to the client, and/or provide a list of patient/client addresses, if the client ultimately paid the certification fee, and is, therefore, the Class Member, so that Claims Administrator can provide notice of the Class Settlement; and (iv) direct Persons to the Settlement Webpage, which will publish and make available for download the Proof of Claim and the Full Class Notice, provide information as to how Persons in the Settlement Class may submit a Proof of Claim, and provide an online opportunity to submit a Proof of Claim and/or notification information for patients/clients to be paid. The Settlement Webpage will be separate and distinct from, and not linked to, any websites belonging to Defendants. Claims Administrator shall mail Full Class Notice and Proof(s) of Claim to any and all patients/clients whose addresses are submitted through the Settlement Webpage, or received from Persons on the Class List, no later than twenty (20) calendar days following receipt of same, provided that the Claim Period has not yet expired.

4.      Costs of Notice. Defendants will pay all costs incurred in connection with providing Class Notice based upon their percentage share of the Total Class Value.

d.      Claims Administration

1.      Administration of the Settlement and Costs. Defendants agree to bear the costs of claims administration. Defendants shall utilize a qualified third party to administer the settlement and notice of same. Defendants' share of the costs of administration will be based upon their percentage share of the Total Class Value.

2.      Claims Processing, Administrative Oversight, and Denied Claims.

i. In order to be eligible to receive a Settlement Payment, Claimants must submit one or more Proofs of Claim within the Claim Period indicating the proper party to receive the Settlement Payment. Proofs of Claim are to be submitted by mail to the Claims Administrator or may be submitted electronically via the Settlement Webpage. Defendants will have no obligation to honor any Proof of Claim received with a postmark dated after the end of the Claim Period, even if such claim otherwise would be valid. Defendants will have no obligation to honor any Proof of Claim that is purportedly submitted though the Settlement Webpage, but is not timely received by the Claims Administrator, electronically or otherwise. Defendants will have no obligation to honor any Proof of Claim that is mailed to an address other than that of the Claims Administrator.

ii. To be eligible to receive a Settlement Payment, Class members must (i) fall within the herein defined Settlement Class; (ii) not opt-out of the settlement; (iii) not be deemed ineligible under any other provision of this Agreement; (iv) submit a Valid Claim; and (v) meet other criteria as set forth in this Agreement.

iii. A Proof of Claim shall be deemed invalid and shall not be eligible for compensation under this Agreement if (1) neither the claimant nor anyone authorized to obtain the

records on the claimant's behalf appears on the Class List or can otherwise be validated as having paid, or reimbursed an Attorney that paid Defendants fees in excess of the negotiated rate for their subclass during the Class Period; or(ii) a claim for the particular request has already been approved to be paid to another Class Member.

      iv. In submitting a Proof of Claim, Class Members or their counsel must fully complete all portions of said Proof of Claim designated as "required" and must sign the Proof of Claim under penalty of perjury. Any Proof of Claim that is materially false or incomplete with regard to "required" fields, shall be deemed invalid and shall not be eligible for compensation under this Agreement.

      v. Within thirty (30) calendar days after the expiration of the Claim Period, Claims Administrator will provide to Class Counsel and Defendants a report (the "Claims Report") providing notice of those Proofs of Claim denied as invalid or otherwise ineligible for a Settlement Payment and stating the reason(s) for the denial. Class Counsel will have sixty (60) calendar days after receiving the Claims Report from Claims Administrator to dispute any such denied claims. Claims that are not timely disputed will remain denied. The parties will attempt in good faith to resolve any disputes as to the propriety of denied claims and, should they fail to resolve any such dispute, either party may submit the dispute to the Court for summary and non-appealable resolution within ninety (90) calendar days of receiving the Claims Report; otherwise, the claims will remain denied. All Proofs of Claim timely submitted to the Court for resolution and determined to be valid by the Court shall deemed eligible for a Settlement Payment in accordance with this Agreement, provided the Effective Date occurs.

      vi. Class Members who timely submit one or more Valid Claims and are eligible for Settlement Payment(s) hereunder shall, provided the Effective Date has occurred,

receive a check in the amount of the Settlement Payment(s), mailed to the Person(s) submitting the claim(s). Each check mailed shall bear a conspicuous legend indicating that it will be void if not cashed within one hundred and twenty (120) calendar days after issuance. In the event a Settlement Payment check becomes void or is returned, absent error on the part of the Claims Administrator, the Class Member shall forfeit his/her right to payment, but this Agreement shall in all other respects be fully enforceable against the Class Member. In the event a Settlement Payment check is returned undeliverable, absent error on the part of the Claims Administrator, Defendants shall have no further obligation to re-mail the Settlement Payment check.

vii. Settlement Payments to Class Members eligible for a Settlement Payment under this Agreement, including Settlement Payments on disputed claims determined to be valid by the Court, shall be made the later of thirty (30) calendar days after the date on which Defendants receive notice of the Court's resolution of all disputed claims or within sixty (60) calendar days after the Effective Date.

viii. Any Class Member who does not submit a Valid Claim, or does not timely cash the settlement check sent to them, shall not be entitled to a Settlement Payment, but shall nonetheless remain a Class Member and be bound by this Agreement and the Release herein, unless a timely opt-out is filed in accordance with the terms set forth herein.

3.    Opt-Out Right

i. Persons in the Settlement Class shall be given the opportunity to opt out of participating in the settlement. Each Person in the Settlement Class who wishes to opt out of this Agreement shall do so by serving a written opt-out request, via first class mail, postage pre-paid, which must be postmarked to Claims Administrator within one hundred and five (105) calendar days after the date of preliminary approval of this Agreement.

ii. Opt-out requests must: (i) be signed by the Class Member; (ii) include the full name and address of the Person(s) requesting opt-out, and, if the Person is an Attorney, the name of the patient or client for whom the records were requested; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Thomas M. Wilson, Sr. et al, v. MRO Corporation, et al.* (C.A. No. 2:16-CV-05279, USDC Southern District of West Virginia, Charleston Division)." No request for opt-out will be honored as valid unless all of the prerequisites described above are adhered to in full. For any Person in the Settlement Class who has more than one claim, the opt-out request must specify each separate claim to be excluded. Claims Administrator will retain a copy of all requests for opt-out and will, upon written request, provide a copy of any such requests to Class Counsel and/or Defendants, along with an affidavit verifying the number of opt-out requests received as of the date of the request. Class Counsel and Defendants will keep any such opt-out information confidential and will use it only for purposes of determining whether a person has properly opted out.

iii. All Persons in the Settlement Class who do not opt-out in accordance with the terms set forth herein will be deemed Class Members, and will, in turn, be bound by all determinations and judgments in the Action.

iv. All Persons in the Settlement Class who opt-out from participation in the settlement will not be eligible to receive any Settlement Payment; will not be bound by any further orders or judgments entered for or against the Settlement Class and will preserve their ability to independently pursue any claims they may have against Defendants or the Released Parties by filing their own lawsuit at their own expense.

4. <u>Objections to the Settlement</u>

i. Class Members who do not request exclusion and have an Eligible Request possess the right to object to the proposed settlement by filing an objection in writing with the Clerk of the Court, located at 300 Virginia Street, East, Suite 2400, Charleston, WV 25301, within one hundred and five (105) days of the date of preliminary approval of this Agreement. The objection must also be mailed to each of the following, postmarked by the last day to file the objection: (i) Class Counsel: William Tiano, Tiano O'Dell, PLLC, 118 Capitol Street, Charleston, WV 25301; and (ii) counsel for CIOX: Russell Jessee, Steptoe & Johnson, PLLC, P.O. Box 1588, Charleston, West Virginia; counsel for MRO: Keith Whitson, Schnader Harrison Segal & Lewis LLP, 120 Fifth Avenue, Suite 2700, Pittsburgh, Pennsylvania 15222; counsel for Medi-Copy: Robert Bandy, Kay Casto & Chaney, PLLC, P.O. Box 2031, Charleston, WV 25327.

ii. A written objection must include: (i) proof of membership in the Settlement Class including, but not limited to, the full name and address of the objector and the name of the patient(s) for whom the copies of medical records were requested; (ii) the specific grounds for the objection and the reasons why such Class Member desires to appear and/or be heard; (iii) all documents or writings that such Class Member desires the Court to consider.

iii. In order for any objection to be valid, the Class Member responsible for paying or reimbursing the individual that paid Defendants for copies of medical records must: (1) sign the objection; (2) verify that they are the Person out-of-pocket for the costs to obtain copies of medical records from Defendants during the Class Period; and (3) identify the ROI Request(s) providing them standing to assert an objection.

iv. Any Class Member wishing to appear in person at the Final Approval Hearing instead of submitting only a written objection must, along with the required written objection and within ninety (90) calendar days after the date of preliminary approval of this

Agreement, file with the Clerk of the Court, at the above-referenced address, a written notice of intention to appear at the Final Approval Hearing and mail copies of the same to Class Counsel and counsel for Defendants, at the above-designated addresses, postmarked by the last date to file the notice of intention to appear. Only Class Members who submit a written notice of intention to appear will have the right to present their objections orally at the Final Approval Hearing.

v.  Any Class Member who fails to object in accordance with the foregoing shall be deemed to have waived his or her objections and forever be barred from making any objections in the Action.

5.    Attorneys' Fees and Incentive Payment to Plaintiff

i.  Attorneys' Fees and Costs. Class Counsel will separately move the Court for an order approving an award of attorneys' fees and costs, no later than twenty (20) calendar days prior to the Final Approval Hearing.   Plaintiffs' request for attorneys' fees shall not exceed 27.5% of the Total Class Value of the Class Settlement.   Similarly, all attorneys' fees awarded shall not exceed 27.5% of the Total Class Value.   A copy of said application, as well as copies of all pleadings, and orders relating to attorneys' fees and costs, will be made available for Class Members to review on the Settlement Webpage. Defendants shall pay awarded attorneys' fees and costs to Class Counsel via wire or certified check, within sixty (60) calendar days after the Effective Date. Defendants' respective shares of the attorney fees shall be proportional to their percentage share of the Total Class Settlement.   Defendants shall each pay 1/3 of the Class Counsel's costs, not to exceed $10,000 collectively.

ii.  Incentive Award. Class Counsel shall apply to the Court for an incentive award in the amount of $5,000 for each of the Named Plaintiffs. A copy of said application will be made available for Class Members to review on the Settlement Webpage. The settlement itself will

not be conditioned upon the Court's approval of the incentive payments to the Named Plaintiffs. If the amount of the incentive payment awarded to each of the Named Plaintiffs does not exceed $5,000, it shall be paid to each of the respective Named Plaintiffs via check within sixty (60) days after the Effective Date. No interest will accrue on said incentive awards, unless payments are untimely under the terms of this Agreement, in which case interest will be imposed at the applicable West Virginia statutory rate. Class Counsel must submit any motion to approve the incentive award no later than twenty (20) calendar days prior to the Final Approval Hearing. Each Defendant shall bear a 1/3 share of the incentive payments awarded to the Named Plaintiffs.

6.    Release of Claims

i. As of the Effective Date, Named Plaintiffs, on their own behalf and on behalf of each Class Member, on behalf of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, clients, successors, predecessors-in-interest, assigns, and any authorized users of their accounts acknowledges full satisfaction of and fully, finally, and forever settle with, release, and discharge the Released Parties of and from all Released Claims. Subject to Court approval of this Agreement, all Class Members shall be bound by this Agreement and all of their claims shall be dismissed with prejudice and released even if they never received personal notice of the Action or the settlement or submitted a Proof of Claim. The effectiveness of this Agreement shall not be conditioned upon approval of the payment or the amount of payment either to Named Plaintiffs or to Class Counsel.

ii. Named Plaintiffs, on their own behalf and on behalf of each Class Member, acknowledge that they are aware that they may hereafter discover facts in addition to, or different from those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally, and forever all Released Claims, and

in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

iii.   The releases contained herein shall apply to and bind all members of the Settlement Class who do not opt out including, but not limited to, those Class Members whose Class Notices are returned undeliverable, those who do not negotiate checks sent to them, and/or those for whom no current address can be found through agreed-to efforts as described in the Full Class Notice.

iv.   Defendants shall be entitled to keep any non-negotiated or returned checks that are free of error on the part of the Claims Administrator, and shall have no obligation to honor them.

7.   Compliance with Class Action Fairness Act (CAFA), 28 U.S.C. § 1715

i.   A final hearing will not take place until at least 90 days after the CAFA notices of the proposed Settlement are served on the appropriate federal and state officials, as provided for by CAFA.

ii.   Defendants' Counsel shall prepare and serve CAFA Notices required of the Defendants as specified in 28 U.S.C. § 1715.  Not later than twenty one (21) calendar days after compliance with the CAFA Notices requirements, Defendants' Counsel shall file with the Court a declaration stating their compliance with the CAFA Notices requirement and including the date the last such notification was served.

8.   Final Approval and Judgment

i.   Class Counsel will file a Motion for Final Approval of Settlement no later than ten (10) days before the scheduled fairness hearing.

ii.   The Parties agree that they will request the Court to enter the Final Approval Order after the Final Approval Hearing, which shall take place as soon as practicable following the expiration of the opt-out deadline and the deadline for Class Members to file objections (but not earlier than one hundred and fifteen (115) calendar days after the date of the Preliminary Approval Order). The Final Approval Order will, inter alia: (a) approve this Agreement as presented and without modification (except insofar as the Parties have agreed to such modification); (b) find that the settlement and this Agreement is fair, just, equitable, reasonable, adequate, and in the best interests of the Settlement Class; and (c) direct the Parties to consummate the Agreement in accordance with its terms.  Entry of the Final Approval Order shall not be conditioned or delayed by the Court's failure to approve an attorneys' fees payment to Class Counsel.

iii.   The Parties agree that they will request the Court to enter, after the Final Approval Hearing, the Judgment. The Judgment will, *inter alia:*

1.   dismiss with prejudice all claims against Defendants in the Action, without fees or costs except as provided in this Agreement;

2.   declare that the Class Notice fully complies with the requirements of due process; constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all Persons entitled to notice of the settlement in this Action;

3.   declare that Plaintiffs and the Class Members who have not opted out are bound by this Agreement, including the release of claims set forth herein;

4.   permanently enjoin Plaintiffs and the Class Members who have not opted out from prosecuting any Released Claims against the Released Parties; and

5.    reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of this Agreement and over the administration and distribution of the Settlement Payments.

9.    Effect of Settlement

Neither this Agreement nor any act performed or document executed to or in furtherance of the settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitration, or other tribunal. The Released Parties may file the Agreement and/or the Judgment in any pending action or action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.    Defendants' Right to Withdraw/Terminate

i.    Effect of Opt-Outs. If the number of Persons in the Settlement Class who opt out exceeds 5% of the Class Members, then Defendants, in their sole discretion, will have the right to terminate their participation in the settlement set forth in this Agreement. Defendants shall have twenty (20) calendar days after the deadline for opt-outs within which to exercise their right to terminate, by filing written notice of the same with the Court and duly serving Named Plaintiffs and Class Counsel with same. If any Defendant terminates the settlement, certification of the Settlement Class will be void as to that Defendant, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action. Plaintiffs and the opt-out Defendant

will be returned to their positions status quo ante with respect to the Action as if the settlement had not been entered into, and will agree to refrain from opposing any resultant and reasonable application to further extend the discovery period.

    ii. <u>Failure of Conditions.</u> If, for any reason, all of the conditions regarding the Effective Date are not met and this settlement fails to become effective, or the Judgment is not entered, any and all orders, judgments, and/or dismissals entered or to be entered pursuant to this Agreement shall be vacated, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into. In such an event, the Parties agree to refrain from opposing any resultant and reasonable application to further extend the discovery period.

    11. <u>Evidentiary Preclusion.</u> In the event that the settlement set forth in this Agreement is not approved as presented, or Defendants withdraw from the settlement as set forth above, the Parties agree that neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, Defendants' compliant withdrawal from the settlement, any failure of the Court to approve the settlement, and/or any objections or interventions may be used as evidence for any purpose whatsoever.

    12. <u>Stay/Bar of Other Proceedings.</u> All proceedings in the Action will be stayed following Preliminary Approval of the settlement, except as may be necessary to implement the terms or comply with the terms of the settlement set forth in this Agreement. Pending determination of whether the settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the

Action, and agree to refrain from commencing or prosecuting against any of the Released
Parties any action or proceeding asserting any of the Released Claims on behalf of any Person
in the Settlement Class.

13.     Non-Disparagement. Any oral communications regarding this matter or
its settlement to the public or media shall be consistent with the Agreement and the language
contained in the Court's Orders relating to the instant settlement. No party shall disparage the
other in any fashion.

14.     Confidentiality. This Agreement and any and all drafts of it and other
settlement documents will remain confidential and will not be disclosed or duplicated except as
necessary to obtain preliminary approval and/or final court approval, and as set forth in
paragraph IV.d.9 herein. It is agreed that the originals and all copies of all confidential
settlement documents in the Action shall be maintained confidentially, pursuant to the terms
herein, for a period of five years after the Effective Date, and then shall be destroyed .

i.  Within one hundred and twenty (120) days after the Effective Date, any
materials or copies thereof deemed "Confidential" pursuant to the Protective Order entered in
the Action and/or any PHI in the possession of the parties shall be returned to the disclosing
party or destroyed. Each "disclosing" party shall maintain any materials or copies thereof that
it marked "Confidential" pursuant to the Protective Order entered in the Action for a period of
five years after the Effective Date.

15.     General Provisions

i.  This Agreement constitutes the entire agreement between and among the
Parties with respect to the settlement of the Action. This Agreement supersedes all prior
negotiations and agreements and may not be modified or amended except by a writing signed

by or on behalf of Plaintiffs, the Settlement Class, Defendants, and their respective attorneys. Such a writing may be executed in counterparts.

ii. The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

iii. This Agreement may be signed in one or more counterparts.

iv. No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement

v. The terms of this Agreement are contractual and are the result of negotiation among the Parties. Each Party, in consultation with his, her, or its attorneys, has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party. In addition, no Party may seek to rescind this Agreement on the grounds of mistake either of fact or law. This Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

vi. The individual(s) executing this Agreement on behalf of any Party represent that he or she is fully authorized to execute this Agreement on such Party's behalf. Each Party to this Agreement warrants that he, she or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

vii.   Each and every Exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

viii.   The waiver by one Party of any breach of this Agreement by any other Patty shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

ix.   This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of West Virginia.

x.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Settlement Agreement to be executed by duly authorized representatives on the dates indicated below.

Dated this _5_ day of _July_, 2017.

CIOX HEALTH, LLC

Name: Paul M. Chanick

Title: CFO

Dated this 3ᵈ day of June , 2017.

MRO CORPORATION

Name: Peter Schmitt
Title: President

Dated this 30th day of June , 2017.

MEDI-COPY SERVICES, INC

Name: Elliott Holt
Title: CEO, owner

Dated this 30ᵗʰ day of June, 2017.

William M. Tiano, Esq.
Cheryl Fisher, Esq.
Tiano O'Dell, PLLC
118 Capitol Street
Charleston, WV 25301

CLASS COUNSEL

# EXHIBIT A

**Medical Providers with whom Defendants contracted to provide ROI services and/or medical records services during the Class Period.**

I.   CIOX

1. Cambridge Area Medical Center ("CAMC")
2. CAMC Sports Medicine
3. CAMC Surgery Clinic
4. CAMC Vascular Medical Ctr.
5. CAMC Vascular Center of Excell
6. CAMC Renal Transplant
7. CAMC Medicine Clinic
8. CAMC Pediatric Clinic
9. CAMC Weight Loss Clinic
10. CAMC Teays Valley Hospital
11. Cabell Huntington Hospital
12. Camden Clark Memorial Hospital
13. Camden Clark Memorial Hospital
14. Logan General Hospital
15. Logan General Hospital
16. Logan General Hospital
17. St. Francis Hospital
18. St. Mary's Hospital
19. Bluefield Regional Medical Center
20. HCA Richmond
21. Summersville Regional Medical Center
22. Jefferson Memorial Hospital
23. Berkeley Medical Center
24. Greenbrier Valley Medical Center
25. Thomas Memorial Hospital
26. River Park Hospital
27. Welch Emergency Hospital
28. St. Joseph's Hospital
29. Williamson Memorial Hospital
30. HealthSouth Western Hills Regional

31. Wheeling Hospital
32. Logan Regional Medical Center
33. Logan Regional Hospital
34. Raleigh General Hospital
35. Mon General Hospital
36. CAMC Urology of Charleston
37. CAMC Teays Valley Urology
38. CAMC Urologic Surgery Center
39. CAMC Teays Valley Orthopedics
40. CAMC Teays Valley Neurology
41. CAMC Plastic Surgery Center
42. CAMC Facial Surgery II
43. CAMC David Lee Cancer Center
44. CAMC Charleston Heart Spec
45. CAMC Cardiothoracic Surgery
46. CAMC Cardiology Summersville
47. CAMC Associated Cardiology
48. CAMC Wound Clinic
49. CAMC Primary Care Nitro
50. CAMC Adult Neurology
51. CAMC Orthopedic Trauma
52. CAMC Physicians Ortho Surgery
53. CAMC Pain Management
54. CAMC Family Medicine Center
55. CAMC Vascular Surgery
56. CAMC Pediatric Surgery
57. CAMC Pediatric ENT
58. CAMC Infectious Disease MSOB
59. CAMC Facial Surgery I
60. Cross Lanes Urgent Care
61. Thomas Health System Physician Partners ("THS PP")
62. THS PP Thomas Care Clinic (South Charleston)
63. THS PP Endocrinology Assoc
64. THS PP South Charleston Family
65. THS PP Kanawha Urology Assoc
66. THS PP Saint Albans Family
67. THS PP Surgical Assoc
68. THS PP Orthoclinic
69. THS PP VASCULAR SURGERY
70. THS PP Pulmonology Critical
71. THS PP Kanawha Endocrinology
72. THS PP Family Practice Assoc
73. THS PP Orthopedic Surgery

74. THS PP Family Care
75. THS PP Healthscopt Family Care
76. THS PP Urology
77. THS PP South Charleston Intern
78. THS PP Oncology Services
79. THS PP TMH Division St Primary
80. THS St Francis Primary Care
81. THS PP TMH Primary Care
82. THS PP SFH Pro Endo Assoc
83. THS PP TMH Family Med Assoc
84. THS PP Thomas Care Clinic (Nitro)
85. Saint Francis Gastroenterology
86. St. Francis Pain
87. St. Francis First
88. THS PP Living Well Med Ctr
89. THS PP General & Onc Surgery
90. THS PP Summit Orttho Dr Stover
91. Ashton Medical Associates
92. Cross Lanes Internal Medicine
93. Cross Lanes Family Practice
94. HealthSouth Mountain View
95. Kanawha Valley Neurology
96. Oceana Medical Center
97. Jefferson Mob WVUH East Urgent
98. Logan Regional Physicians Prac
99. Roane General Hospital
100.     National Spine & Pain Ctr
101.     WVUH East Gateway Family Med
102.     Huntington Internal Med Group
103.     Rite Aid WV
104.     Robert C. Byrd Clinic
105.     HealthSouth Outpatient
106.     K Mart Pharmacy
107.     Summersville Outpatient Center
108.     Wedgewood Family Suncrest
109.     Wedgewood Family Westover
110.     WVU Harpers Ferry
111.     WVUH East Inwood Med Ctr
112.     WVUH East Spring Mill Med Ctr
113.     WVUH East Neurology
114.     WVUH-East Urology
115.     University Health Physicians ("UHP")
116.     Walmart Stores

117.    WVU Physicians of Charleston
118.    WVU Physicians of Charleston
119.    Vaught Neurological Services
120.    Valley Health- Carl Johnson
121.    Valley Health Highlawn
122.    Valley Health- East Huntington
123.    Valley Health- Huntington
124.    Valley Health Hurricane
125.    Valley Health Grant
126.    Valley Health-Milton Family
127.    Valley Health-Southside
128.    Valley Health- Westmoreland
129.    Family Care Childrens Medical
130.    CAMC Teays Valley Madison
131.    THS PP St Francis Wound Care
132.    THS PP Pulmonology
133.    Thomas Care Clinic WVSU
134.    Thomas Care Clinic Oakwood Rd
135.    UHP Surgeons
136.    UHP Oncology


II.    Medi-Copy

1.  Logan Regional Medical Center
2.  Logan Regional Physician Practice
3.  Dr. Amy Sayre
4.  Dr. Dolores Santamaria
5.  Dr. Jeffrey Shook
6.  Dr. Jian Kang
7.  Dr. Kamel Marzouk
8.  Drs. Kozhaya Mallah and Saleh El-Bash
9.  Dr. Moanis Omar
10. Dr. Nicole Lackey-Dillon
11. Dr. Robert McCleary
12. Dr. Robert Perez
13. Dr. William Mullen
14. Dr. Ziad Salem
15. Valley Health
16. Huntington Internal Medicine Group
17. Pulmonary Associates of Charleston
18. Raleigh General Hospital

19. South Charleston Cardiology Associates
20. St. Joseph's Hospital of Buckhannon
21. West Virginia Heart & Vascular
22. Cornerstone Hospital

III.   MRO

1. Cabell Huntington Hospital
   a.  Cabell Huntington Cancer Center
   b.  The Center for Wound Healing
   c.  CHH Pain Management Center
   d.  Perinatal Center
   e.  Cabell Huntington Home Health
   f.  The Counseling Center
   g.  Cabell Plaza
   h.  Cabell Surgery Center
   i.  Huntington Women's Health
   j.  Pulmonary Rehabilitation

2. Amedisys
   a.  Home Health, Ripley, WV
   b.  Home Health, Anmoore, WV
   c.  Home Health, Beckley, WV
   d.  Home Health, Wheeling, WV
   e.  Home Health, Huntington, WV
   f.  Home Health, Charleston, WV
   g.  Home Health, Fayetteville, WV
   h.  Hospice of Anmoore
   i.  Home Health, Morgantown, WV
   j.  Home Health, Vienna, WV
   k.  Home Health, Bluefield, WV
   l.  Home Health, Ronceverte, WV
   m.  Hospice of Bluefield
   k.  Hospice of Morgantown
   l.  Hospice of Morgantown
   m.  Hospice of Parkersburg
   n.  Hospice of Wheeling

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THOMAS M. WILSON, SR.,
DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY,
JASON GRAZUTIES, SANDRA
SHEPPARD, ROBERT BRADLEY, and
ARVADA MARTIN, Individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

MRO CORPORATION,
CIOX HEALTH, LLC, and
MEDI-COPY SERVICES, INC,

                Defendants.

Civil Action No. 2:16-CV-05279
Judge John T. Copenhaver, Jr.

## FINAL APPROVAL ORDER

      The motion for an Order granting final approval of the Settlement Agreement and Release came before the Court on _____, 2017, with the Parties appearing by their counsel.

      Based on the oral and written submissions today as well as the information presented in the Parties' Joint Motion for an Order Conditionally Certifying the Settlement Class, Preliminarily Approving the Proposed Settlement, Approving Class Notice, Appointing Class Representatives and Class Counsel, and Scheduling a Final Approval Hearing, filed on July 5, 2017, the Court makes the following findings and grants final approval to this class action settlement:

    A.  On _____, 2017, this Court preliminarily approved the settlement reached between Plaintiffs, Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin, individually and on behalf of all others similarly situated (hereinafter, "Plaintiffs"), and MRO Corporation, CIOX Health, LLC and Medi-Copy Services, Inc., (hereinafter, "Defendants") (collectively, the "Parties"), embodied in a written Settlement Agreement and Release dated June 30, 2017 (the "Agreement"), and provisionally certified the Settlement Class.

B. The Court scheduled a Final Approval Hearing for _____, 2017, and directed the Parties to notify the Class Members of the Final Approval Hearing as part of the Class Notice.

C. The Agreement, a copy of which is attached as Exhibit A to the Preliminary Approval Order, is within the range of possible settlements suitable for final approval as fair, just, equitable, reasonable, adequate, and in the best interests of the Settlement Class.

D. There has been no collusion between the Parties in reaching the Agreement, the terms of which were the result of arms-length negotiations among the Parties.

E. On _____, 2017, the Court held the Final Approval Hearing to which Class Members, including any with objections, were invited. There has been no substantial opposition to the Agreement by Class Members.

F. The court awards $_____ to class Counsel as fees and $_____ to Class Counsel for costs and expenses incurred in this Action and/or in connection with the administration of the settlement. These payments are reasonable and appropriate compensation and reimbursement for Class Counsel's work and expense, which have resulted in the appropriation of monetary benefits that will be provided to Class Members.

G. Plaintiffs, as class representatives, have at all times, including during negotiation of the settlement and its presentation to the Court, fairly and adequately represented the Settlement Class.

H. Class Notice has been timely accomplished in accordance with this Court's Preliminary Approval Order entered on _____, 2017.

I. The notice given to the Settlement Class was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to Persons in the Settlement Class. Under these circumstances, it is fair and reasonable to make the Agreement and its Release of claims binding on all Class Members whether or not they actually received notice of the litigation and proposed settlement. The Court finds that the method of notice to the Settlement Class was reasonably calculated under the circumstances to apprise Persons in the Settlement Class of the settlement such that the settlement and the Court's final judgment is binding on all Class Members, whether or not they received actual notice of the settlement and final judgment.

J. The Persons who timely filed requests to be excluded from the Settlement Class are listed on Exhibit A to this Order, and all such persons are hereby excluded from the Settlement Class.

K.  The Court finds that, for purposes of this settlement, the requirements for certification of a settlement class pursuant to Federal Rule of Civil Procedure 23 are satisfied:  The court finds that (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the Settlement Class; (3) such common questions predominate over questions affecting only individual members; (4) the claims of Plaintiffs, as class representatives, are typical of the claims of the Settlement Class; (5) Plaintiffs, as class representatives, will fairly and adequately protect the interests of the Settlement Class; and (6) a class action is an appropriate method to effectuate the fair and efficient adjudication of the controversy.

L.  The Parties have fully complied with the Court's Preliminary Approval Order.  Based on the foregoing findings, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

M.  The Settlement Class defined in this Order is determined and adjudged a final and permanent class for purposes of this action and final judgment.  The Settlement Class is defined as any Attorney who obtained medical records pursuant to authorization, any client who either paid, or reimbursed their attorney for obtaining copies of medical records, or Patients who on one or more occasions during the Class Period, sought, in writing, copies of a patient's medical records from a West Virginia Medical Provider, and had their Release of Information ("ROI") Request processed and billed by any of the Defendants, and who subsequently: (1) paid one or more Defendants for copies of patient medical records and were not reimbursed for same, or (2) reimbursed their legal representative for the costs advanced on their behalf to obtain copies of medical records.

N.  The Settlement Subclasses are defined as follows:

1.  Subclass 1: December 1, 2010, to June 5, 2014, Release of Information requests - any Attorney, pursuant to written authorization, or Patient who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies;

2.  Subclass 2: June 6, 2014 to July 5, 2017, Release of Information requests from Patients - any Patient who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of his/her medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies;

3.  Subclass 3: June 6, 2014 to July 5, 2017, Release of Information requests from Attorneys - any Attorney, pursuant to written authorization who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing and pursuant

to the patient's authorization, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies; and

4. Subclass 4: June 6, 2014 to July 5, 2017, Release of Information requests - any Attorney, pursuant to written authorization, or Patient who, on one or more occasions sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants, and paid a retrieval fee assessed by any Defendant between June 6, 2014 and July 5, 2017.

O. The Agreement, the terms of which are incorporated herein by reference, is hereby approved as fair, just, equitable, adequate, reasonable, and in the best interests of the Settlement Class. As such, the Parties are directed to consummate the Agreement in accordance with its terms.

P. The payments by Defendants of _____ ($_____) to Class Counsel for attorneys' fees, and of _____ ($_____) to Class Counsel for costs and expenses incurred in this Action and/or in connection with the administration of the settlement are hereby approved. No other attorneys' fees, expenses, or costs shall be paid by Defendants.

Q. Pending the approval of this Court, the Agreement calls for the payment of five thousand dollars and zero cents ($5,000.00) to each Plaintiff in the settlement of their claims and in recognition of and as compensation for their services as class representatives. The Court hereby awards _____ ($_____) to each Plaintiff as fair and reasonable compensation. Plaintiffs shall not submit a Proof of Claim and shall not be entitled to any other payment under the Agreement.

R. A Judgment, in the form attached as Exhibit B shall be entered, which shall dismiss with prejudice:

1. all Released Claims of all Class Members against Defendants and the Released Parties; and

2. all Released Claims shall bind each Class Member and shall declare all Class Members bound by the Release in the Agreement and shall enjoin all Class Members from hereafter prosecuting Released Claims against Defendants or the Released Parties. The Judgment shall bind all Class Members even if they never received notice of the settlement and Agreement. Attached as Exhibit is the Affidavit of _____, one of the attorneys representing Plaintiffs. _____ indicated that _____ "opt-outs or requests for exclusion have been received.

S.  Notice of entry of this Order and the ensuing Judgment shall be given to Class Counsel, on behalf of the Class Members.  It shall not be necessary to send notice of entry of this Order or the ensuing Judgment to individual Class Members.

T.  After entry of Judgment, the Court shall retain Jurisdiction over the construction, interpretation, implementation, and enforcement of this Agreement and over the administration and distribution of the Settlement Payments.

U.  Defendants shall distribute the Settlement Payments in accordance with the provisions of the Settlement Agreement.

V.  In the event that (1) the Agreement is terminated pursuant to its terms; (2) the Agreement, Preliminary Approval Order, Final Approval Order, and/or Judgment are not approved in all material respects by any Court; or (3) the Agreement, Preliminary Approval Order, Final Approval Order, and/or Judgment are reversed vacated, modified in any material respect by any Court, then (a) all orders entered pursuant to the Agreement shall be vacated, including, without limitation, the certification of the class and all other relevant portions of this Order, (b) the instant action shall proceed as though the Agreement had never been reached, with the Parties agreeing to refrain from opposing any resultant application to further extend the discovery period, and (c) no reference to the Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Agreement agree to jointly appeal an adverse ruling and the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment are upheld on appeal in all material respects, then the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment shall be given full force and effect.  In the event of (1), (2), or (3) in this Paragraph, all Parties reserve all of their rights existing prior to the execution of the Agreement (including, but not limited to, Defendants' right to oppose certification of any class), and the doctrines of res judicata and collateral estoppel shall not be applied.

W.  Neither the Agreement, this Order, nor any of their provisions, not any of the documents (including, but not limited to, drafts of the Agreement, Preliminary Approval Order, Final Approval Order, or Judgment), negotiations, or proceedings relating in any way to the Agreement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, including the Parties, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action n brought to enforce its terms or except as may be required by law or court order.

DATED: _____          _____
                                        Hon. John T. Copenhaver, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY,
JASON GRAZUTIES, SANDRA
SHEPPARD, ROBERT BRADLEY, and
ARVADA MARTIN, Individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

MRO CORPORATION,
CIOX HEALTH, LLC, and
MEDI-COPY SERVICES, INC,

                Defendants.

Civil Action No. 2:16-CV-05279
Judge John T. Copenhaver, Jr.

## JUDGMENT OF DISMISSAL

Defendants MRO Corporation, CIOX Health, LLC and Medi-Copy Services, Inc., (collectively, "Defendants") having reached an amicable settlement settled with the Settlement Class, and the Court having entered its Order Granting Final Approval to the Class Action Settlement and Directing Entry of Judgment of Dismissal,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  All claims of all Class Members against Defendants and the Released Parties are dismissed with prejudice.

2.  All claims of Plaintiffs against Defendants and the Released Parties are dismissed with prejudice.

3.  Notwithstanding the dismissal of all claims in the preceding paragraphs, the Court shall retain jurisdiction over the construction, interpretation, implementation, and

enforcement of the Agreement and supervise and adjudicate any disputes arising from or in connection with distribution of the Settlement Payments.

4. All Class Members are bound by the Release of claims set forth in the Agreement and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claims against any of the Released Parties.

DATED: _____ ____                    _____

                                               Hon. John T. Copenhaver, Jr.

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# IF YOU PAID FOR COPIES OF MEDICAL RECORDS FROM DECEMBER 1, 2010 TO JULY 5, 2017, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

**Why are you receiving this notice?**

You are a patient, client or attorney who either paid, or reimbursed your attorney for payment for obtaining copies of medical records, that was invoiced and/or billed by MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc., (hereinafter, "Defendants") for the service of providing copies of medical records requested from one or more West Virginia hospitals or other medical providers, between December 1, 2010 and July 5, 2017.

**What is the purpose of this notice?**

This notice is to inform you about a class action lawsuit (the "Action") and a proposed class settlement (the "Settlement") that has been conditionally approved by the Court.  Under the proposed Settlement, the patient or attorney who paid the Defendants for the copies of medical records, either directly to a Defendant or indirectly through reimbursement to the original payer is entitled to receive a cash settlement payment for charges incurred between December 1, 2010 and July 5, 2017.

**How do I submit a claim?**

This notice explains the terms of the Settlement and tells you how to submit a claim for cash benefits under the Settlement.  Full copies of all settlement documents, pleadings, and claim forms can be found on the settlement website: www._____.com (the "settlement Webpage").  Additionally, a paper copy of the Proof of Claim form is enclosed that can be submitted to the Claims Administrator, Analytics Consulting, LLC, no later than _____, 2017.

**How much is my claim worth?**

The value of each claim is dependent upon: (1) the date the request for copies of medical records was submitted: (2) the per-page amount paid for copies of medical records; and (3) the number of pages.  A complete explanation of the value of each claim can be found in Section II, below.

## I.     THE ACTION

The Action is <u>Wilson, et al. v. CIOX Health, LLC, et al.</u>, and it is pending in the United States District Court for the Southern District of West Virginia, Charleston Division.  In the Action, Plaintiffs claim that Defendants excessively and improperly charged them for copies of medical records in connection with treatment they received at West Virginia hospitals and other healthcare providers where Defendants contract to produce copies of patient healthcare records. Defendants deny Plaintiffs' claims and contend that they have not acted in an unlawful manner. The Court has not ruled on the merits of Plaintiffs' claims, and there is no determination of wrongdoing or liability against Defendants or in favor of Plaintiffs.  By settling this lawsuit, Defendants are not admitting, and expressly deny, that they have done anything wrong, but have agreed, as part of the Settlement, to reimburse Plaintiffs and those similarly situated a certain monetary amount as discussed in greater detail below.

The Court has preliminarily certified a Class (the "Settlement Class") in the Action, and preliminarily determined that the settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  The Settlement Class is defined to include any release of information request for copies of medical records from a West Virginia medical provider between December 1, 2010 and July 5, 2017, made by a patient or attorney which (1) was processed and billed by the Defendants, and (2) for which the attorney, attorney's client or patient ultimately paid.

The Settlement Class excludes (1) any release of information requests that were made by a class of requestors other than patients, or attorneys; (2) any release of information requests that were not ultimately paid for by an attorney, or patient; (3) any release of information requests that are subject to a separate fee agreement between the requestor and the hospital or Defendants; (4) any release of information requests directed to hospitals, pharmacies, or medical providers outside of West Virginia, related to treatment performed outside of West Virginia; (5) any release of information requests that are seeking films or diagnostic imaging, including x-ray, computed tomography (CT), computerized axial tomography (CAT scan); fluoroscopy; mammography, bone scan, thyroid scan, thallium cardiac stress test, positron emission tomography (PET or PET scan), magnetic resonance imaging (MRI), magnetic resonance angiography (MRA), ultrasound, and any other diagnostic imaging or radiology; (6) any attorney and/or law firm representing Defendants and any attorney and/or law firm serving as Class Counsel; and (7) any copies of medical records obtained pursuant to a subpoena or by order of a Court, Arbitrator or Administrative body.

The Court has preliminarily certified four Subclasses (the "Settlement Subclasses") in the Action, each of whom shall be eligible for reimbursement as set-forth herein.  The Settlement Subclasses are defined as follows:

- Subclass 1: December 1, 2010 to June 5, 2014, Release of Information requests - any Attorney, pursuant to written authorization, or Patient who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain copies;

- Subclass 2: June 6, 2014 to July 5, 2017, Release of Information requests from Patients - any patient who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of his/her medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies;

- Subclass 3: June 6, 2014 to July 5, 2017, Release of Information requests from Attorneys - any attorney, pursuant to written authorization, who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies; and

- Subclass 4: June 6, 2014 to July 5, 2017, Release of Information requests - any attorney, pursuant to written authorization, or patient who, on one or more occasions sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a retrieval fee assessed between June 6, 2014 and July 5, 2017.

Persons meeting one or more of these definitions are referred to herein as "Class Members" or collectively as the "Settlement Class."

II.     **BENEFITS UNDER THE PROPOSED SETTLEMENT**

Plaintiffs and Defendants have entered into a proposed Settlement of the Action. Under the proposed Settlement and subject to final Court approval, Defendants have agreed to the following financial benefits:

A.          **Payment to Class Members.** Class Members who submit timely and valid Proof(s) of Claim will be deemed eligible to receive payment or the "Settlement Benefit" as follows:

- Subclass 1: December 1, 2010 to June 5, 2014, Release of Information requests from patients or attorneys:
  - any patient or attorney who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee, shall obtain the difference between the per-page fee paid and the negotiated fee of $0.50 per page. For example, a Release of Information requestor that paid $0.75 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $250.00 ($0.25 per-page difference x 1,000 pages).

- Subclass 2: June 6, 2014 to July 5, 2017, Release of Information requests from Patients:
  - any patient who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of his/her medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee, shall obtain the difference between the per-page fee paid for their records and the negotiated fee of $0.12 per

page. For example, a patient that requested copies of their records and paid $0.49 per-page for 1,000 pages of medical records during the subject time period, would be reimbursed $370.00 ($0.37 per-page difference x 1,000 pages).

- Subclass 3: June 6, 2014 to July 5, 2017, Release of Information requests from Attorneys:
  - any attorney, pursuant to a written authorization, who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee, shall obtain the difference between the per-page fee paid for medical records and the negotiated fee of $0.28 per page. For example, an attorney that requested copies of medical records and paid $0.55 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $270.00 ($0.27 per-page difference x 1,000 pages).

- Subclass 4: June 6, 2014 to July 5, 2017, Release of Information requests from Patients or Attorneys:
  - any attorney, pursuant to a written authorization, or patient who, on one or more occasions sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants, and paid a retrieval fee assessed by Defendants between June 6, 2014, and July 5, 2017 shall be reimbursed the entire retrieval fee.

The Settlement Benefit for each qualifying release of information request for copies of medical records from a West Virginia medical provider between December 1, 2010 and July 5, 2017, will be disbursed by check. Only one claim and only one Settlement Benefit may be paid per release of information request for copies of medical records. Checks issued to Class Members will be void one-hundred and twenty (120) days after issuance. Any Class Member who does not negotiate the check within one-hundred and twenty (120) days will lose any rights to payment, while the Agreement will in all other respects be fully enforceable against such Class Member.

**In order to have the opportunity to submit a claim for Settlement Benefits, YOU MUST: (1) FILL OUT ALL "REQUIRED" FIELDS DENOTED ON THE ENCLOSED PROOF OF CLAIM FORM, (2) SIGN SAME UNDER PENALTY OF PERJURY, AND (3) RETURN THE PROOF OF CLAIM FORM EITHER ELECTRONICALLY OR BY MAIL.**

**ALL PROOF OF CLAIM FORMS MUST BE ELECTRONICALLY SUBMITTED BY OR POSTMAKRED NO LATER THAN _____, 2017. LATE CLAIM FORMS WILL NOT BE ACCEPTED.**

- B. **Attorneys' Fees, Costs, and Class Representative Incentive Awards.** Counsel for Plaintiffs and the Settlement Class ("Class Counsel") is seeking an award of attorneys' fees, costs, and expenses ("Fees") from the Court in an amount to be determined by the Court. Class Counsel is likewise seeking incentive awards for Plaintiffs Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin, in settlement of their

claims and in recognition of their service as class representatives, in an amount to be determined by the Court. These applications, and all pleadings and orders relating thereto will be made available for Class Members to review on the Settlement Webpage.

C. <u>Costs</u>. Defendants will pay the costs associated with this notice and the administration of the Settlement.

### III.    HOW TO SUBMIT A CLAIM FOR A SETTLEMENT BENEFIT

A Proof of Claim form, titled "Proof of Claim and Release" (referred to herein as "Claim Form" or "Proof of Claim") is included at the end of this notice for use in submitting a claim. You may also submit a Claim Form electronically through the Settlement webpage, www._____.com. If you want the Settlement Benefit under the proposed Settlement, you must **(a) be a Class Member and (b) fill out, sign under penalty of perjury, and timely return the accompanying Claim Form to the proper address or submit it electronically via the Settlement Webpage. To be timely, the Claim Form must be electronically submitted, or postmarked to Claims Administrator, Analytics Consulting, LLC, no later than _____, 2017. Class members who submit untimely or otherwise invalid Claim Forms, or who send Claim Forms to any address other than that provided above, will lose any right to payment under the Settlement, while the Agreement (including the Release contained therein) will in all other respects be fully enforceable against the Class Member.**

Settlement Benefits may <u>only</u> be obtained by the person who ultimately paid the release of information request for medical record invoice or bill. In addition, no claims may be submitted as a group, in the aggregate, or on behalf of a class of persons. Any claim not meeting these requirements will be invalid and ineligible for payment.

<u>NOTE THE FOLLOWING IMPORTANT REQUIREMENT</u>: **To be deemed valid, Claim Forms must be signed by the patient, attorney, or client who ultimately paid for the copies of medical records ("Signatory") and provide his/her/its name and address.**

**For a patient on whose behalf a release of information request for copies of medical records was made by his/her attorney and processed by Defendants, during the Class Period, the Signatory must affirm, under penalty of perjury, that either (a) the patient paid the invoice directly to MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc., and is entitled to receive the Settlement Benefit <u>OR</u> (b) the patient reimbursed his/her attorney for the costs of the copies of medical records.**

**For an attorney who made a release of information request for copies of medical records pursuant to a patient's written authorization during the Class Period that was processed by Defendants, the Signatory must affirm, under penalty of perjury that, for each patient whose records were requested through submission of a release of information request for copies of medical records, that he/she/it paid the invoice or bill.**

**For a client for whose benefit a release of information request for copies of medical records was made by his/her/its attorney and processed by Defendants, during the Class Period, the**

Signatory must affirm, under penalty of perjury, that either (a) the client paid the invoice directly to MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc., and is entitled to receive the Settlement Benefit OR (b) the client reimbursed his/her/its attorney for the costs of the copies of medical records.

For a patient that submitted a release of information request for copies of their medical records during the Class Period that was processed by Defendants, the signatory must affirm, under penalty of perjury that, he/she paid the invoice or bill, was not reimbursed by any other party, and is entitled to receive the Settlement Benefit.

## IV.     RELEASE OF CLAIMS

Under the proposed Settlement, all Class Members will be bound by any final judgment entered by the Court and also bound by the release provisions of the Settlement Agreement.  The Settlement Agreement provides that all "Released Claims" of Class Members that were or could have been brought in the Action against Defendants, and any hospitals, pharmacies, or other medical providers with whom they contracted to provide release of information services and/or produce copies of medical records to requestors (collectively, "Released Parties) will be forever released, as provided for in the Settlement Agreement.  As provided in the Settlement Agreement, the Releasors, Class Counsel, Class Representatives, and Class Members, as well as it or their heirs, agents, representatives, executors, and assigns, hereby release and forever discharge the Released Parties, and each and every one of them and their past, present, and future officers, directors, stockholders, attorneys, masters, principals, employees, insurers, reinsurers, agents, servants, assigns, personal representatives, heirs, subsidiaries, parents, affiliated companies or divisions, distributes, indemnities, partners, successors-in-interest, and/or predecessors-in-interest.  For purposed of the Settlement and with referenced to Plaintiffs, "Released Claims" further specifically extends to any and all past, present, or future claims, demands, damages, actions, causations of actions, or suits of any kind or nature whatsoever seeking damages, equitable relief, and/or injunctive relief arising from or related to charges for copies of medical records requested by patients, authorized agents of patients, and authorized representative of patients pursuant to West Virginia Code Section 16-29-1 *et seq.*, or any similar federal or state law that might be applied to a ROI Request (Release of Information Request) covered by this settlement, which Plaintiffs and the Class Members have or may have on account of the matters which are the subject of this Action, including any claims alleging violation of the West Virginia Consumer Credit and Protection Act, all subject to the approval of this Agreement by the Court.

Upon Court approval of the Settlement Agreement, the court shall enter a final judgment and order dismissing with prejudice and fully and finally settling this Action as to all Class Members. As provided for in the Settlement Agreement, Class Members will be forever barred from seeking further relief on any of the Released Claims.

## V.     FINAL APPROVAL HEARING

A final approval hearing will be held to determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable and adequate, and to determine the amount of

fees that should be awarded to Class Counsel. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement. The hearing will take place on _____ at _____, in the _____ of the United States District Court for the Southern District of West Virginia, Charleston Division, Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Suite 2400 Charleston, WV 25301 before Judge John T. Copenhaver, Jr. The hearing may be continued without further notice. YOU DO NOT HAVE TO SHOW UP AT THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT AND WANT TO BE THERE IN PERSON. Should you wish to object to the settlement, you must comply with the objection process outlined herein.

## VI.    **RIGHT TO OBJECT OR OPT OUT**

You have the right to object to all or any part of this proposed Settlement, but if you want to object, you must be a Class Member.

If you object to the Settlement, and want to submit an objection, **you must file your objection in writing with the Clerk of the United States District Court for the Southern District of West Virginia, Charleston Division, Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Suite 2400 Charleston, WV 25301, no later than _____, 2017.** A written objection must include: (1) proof of membership in the Settlement Class, including, but not limited to, providing the full name and address of the objector and the name of the patient(s) for whom the certified records were requested; (2) the specific grounds for the objection and the reasons why the objector desires to appear and be heard; and (3) all documents or writings that the objector desires the Court to consider. In order for any objection to be valid, the Class Member responsible for paying or reimbursing the individual that paid Defendants for copies of medical records must: (1) sign the objection; (2) verify that they are the Person who paid out-of-pocket for the costs to obtain copies of medical records from Defendants during the Class Period; and (3) identify the ROI Request(s) providing them standing to assert an objection.

Any Class Member wishing to appear in person instead of submitting only written objections must file, along with the written objection, a written notice of intention to appear by the date specified above. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action. Please note that you must state ALL reasons why you believe the Settlement should not be approved.

Copies of written objections and notices of intention to appear at the hearing must be filed with the Court by _____, 2017 and also be postmarked and mailed to Class Counsel, William Tiano and Cheryl Fisher, and the law firm of Tiano O'Dell, PLLC, 118 Capitol St, Charleston, WV 25301 and Defendants' counsel, Russell Jessee, Steptoe & Johnson, LLP, P.O. Box 1588, Charles, WV 25326-1588; Keith Whitson, Schnader Harrison Segal & Lewis LLP, 120 Fifth Avenue, Suite 2700, Pittsburgh, Pennsylvania 15222; and Robert Bandy, Kay Casto & Chaney, PLLC, P.O Box 2031, Charleston, WV 25327.

Each Person in the Settlement Class who wishes to opt out of this Agreement shall do so by serving a written opt-out request, via first class mail, postage pre-paid, which must be postmarked to Claims

Administrator within one hundred and five (105) calendar days after the date of preliminary approval of this Agreement.

Opt-out requests must: (i) be signed by the Class Member; (ii) include the full name and address of the Person(s) requesting opt-out, and, if the Person is an Attorney, the name of the patient or client for whom the records were requested; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Thomas M. Wilson, Sr. et al, v. MRO Corporation, et al.* (C.A. No. 2:16-CV-05279, USDC Southern District of West Virginia, Charleston Division)." No request for opt-out will be honored as valid unless all of the prerequisites described above are adhered to in full. For any Person in the Settlement Class who has more than one claim, the opt-out request must specify each separate claim to be excluded.

All Persons in the Settlement Class who do not opt-out in accordance with the terms set forth herein will be deemed Class Members, and will, in turn, be bound by all determinations and judgments in the Action.

All Persons in the Settlement Class who opt-out from participation in the settlement will not be eligible to receive any Settlement Payment; will not be bound by any further orders or judgments entered for or against the Settlement Class and will preserve their ability to independently pursue any claims they may have against Defendants or the Released Parties by filing their own lawsuit at their own expense.

## VII.   INQUIRIES REGARDING THE SETTLEMENT

DO NOT CONTACT THE COURT, DEFENDANTS, or DEFENDANTS' COUNSEL ABOUT THIS NOTICE OR CASE.  You can contact Class Counsel William Tiano and Cheryl Fisher, at (304) 720-6700  or at the law firm of Tiano O'Dell, PLLC, at 118 Capitol St, Charleston, WV 25301, Attn: William Tiano and Cheryl Fisher. Or you can contact your own attorney, through whom you are entitled to make an appearance, should you so desire.   DEFENDANTS' TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO VARY THE TERMS OF THIS NOTICE UNDER ANY CIRCUMSTANCES.

## VIII.   CORRECT ADDRESS

If this notice was sent to you at an address that is not current, if you change your address after submitting a Claim Form, or if you would like to request that the Claims Administrator send notice of the Class Settlement to the patient directly, you should immediately send a letter to the Claims Administrator, Analytics Consulting, LLC, and provide your name, the patient's name, your past and current addresses (or, if you are asking that the notice be sent to the patient, the last known address that you have for the patient, your zip code and telephone number, and refer to the name of the case: *Wilson et al. v. CIOX Health, LLC, et al.*

**DEFENDANTS HAVE NO OBLIGATION TO SEARCH FOR UPDATED ADDRESSES FOR ANY CLASS MEMBER.**

## IX.   **EXAMINATION OF PAPERS**

This notice provides only a summary of the case and basic terms of the proposed Settlement. For a complete copy of the Settlement Agreement, please visit [WEBSITE]. In order to see the complete case file you should visit the Court Clerk's office at Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Suite 2400 Charleston, WV 25301. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

Dated:_____, 2017

Issued at the Direction of:

The United States District Court for the Southern District of West Virginia, Charleston Division

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THOMAS M. WILSON, SR.,
DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY,
JASON GRAZUTIES, SANDRA
SHEPPARD, ROBERT BRADLEY, and
ARVADA MARTIN, Individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

MRO CORPORATION,
CIOX HEALTH, LLC, and
MEDI-COPY SERVICES, INC,

           Defendants.

Civil Action No. 2:16-CV-05279
Judge John T. Copenhaver, Jr.

## PRELIMINARY APPROVAL ORDER

      This matter came before the Court on the Joint Motion of Plaintiffs, Thomas M. Wilson,
Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra
Sheppard, Robert Bradley, and Arvada Martin, individually and on behalf of all others similarly
situated (hereinafter, "Plaintiffs"), and MRO Corporation, CIOX Health, LLC and Medi-Copy
Services, Inc., (hereinafter, "Defendants") (collectively, the "Parties") for an Order Conditionally
Certifying the Settlement Class and Subclasses, Preliminarily Approving the Parties' Proposed
Settlement Agreement and Release, Approving Class Notice, Appointing Class Representatives
and Class Counsel, and Scheduling a Final Approval Hearing, filed July 5, 2017 (the "Joint
Motion").

      Based on the written submissions and evidence presented in connection with the Joint
Motion, the Court makes the following findings and determinations only for purposes of
effectuating the class action settlement currently before the Court:

**IT IS HEREBY DETERMINED AND ORDERED:**

1. The settlement proposed in the Settlement Agreement and Release, date July 5, 2017 (the
   "Agreement"), a copy of which is attached as Exhibit A to the Joint Motion, is within the
   range of possible settlements suitable for final approval as fair, just, equitable, reasonable,
   adequate, and in the best interest of the Settlement Class and Subclasses, and was negotiated
   at arm's-length by the Parties.

00998696.DOCX

2. The Agreement is hereby preliminarily approved as fair, reasonable, adequate, proper, and in the best interests of the Settlement Class and Subclasses.

3. Subject to the Agreement, the Court conditionally certifies the following Settlement Class which shall be certified for settlement purposes only:

- All Attorneys, pursuant to written authorization, or Patients who on one or more occasions during the Class Period, sought, in writing, copies of a patient's medical records from a West Virginia Medical Provider, and had their ROI Request processed and billed by any of the Defendants, and who subsequently: (1) paid one or more Defendants for copies of patient medical records and were not reimbursed for same, or (2) reimbursed their legal representative for the costs advanced on their behalf to obtain copies of medical records.

- The Court finds that the prerequisites for class certification are met.

1.   Settlement Class:      The Court has considered the submissions of the parties with regard to the temporary and conditional certification of a settlement class, and has analyzed the proposed settlement class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and makes the following findings:

a.   Numerosity:  The settlement class, consisting of over 1,000 persons, satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a) as joinder of such a large group would be impractical.

b.   Commonality:  These are common issues of law and fact relating to whether the Defendants charged a fee in excess of that allowed by *W.Va. Code* § 16-29-1 et seq. While this is dependent on whether the actual patient or his/her authorized representative or authorized agent made the request and when request occurred, the class members have been sub-classified by to reflect this. which makes their claims common as to both liability and damages by subclass.

c.   Typicality:  The claims of the proposed class also satisfy the element of typicality.  Rule 23(a) does not require that the claims be identical, just that they arise out of the same legal or remedial theory.  *See United Bhd. of Carpenters & Joiners of Am. v. Phoenix Assoc,* 152 F.R.D. 518, 522 (S.D.W.Va. 1994).  The named Plaintiff's claims are typical of the claims of the putative class members, as they are based upon the propriety of allowable charges under the same West Virginia statute related to the costs for copies of medical records as it relates to each defendant.

d.   Adequate Representation:  There is no evidence that the named Plaintiffs' interests conflict in any way with the other members of the putative class.  Instead, the parties' interests appear to be aligned, as they are all seeking to recover for excessive charges for obtaining copies of medical records under *W. Va. Code* §16-29-1 et seq.  Additionally,

Settlement Class Counsel is experienced in class action and other complex litigation and have worked to prosecute the claims of the class in this matter. Thus, the requirement of adequate representation of the settlement class has been fully met.

      e.      <u>Predominance of Common Issues</u>. As addressed above, there are common issues that exist between the Plaintiffs and the putative class members. The Rule 23(b)(3) requirement for commonality is similar to the requirement of Rule 23(a)(2). However, Rule 23(b)(3) requires that they predominate. <u>See</u> 2 Alba Conte & Herbert Newberg, *Newberg on Class Actions* §3.24 (4th ed. 2002). The predominance test is met in this case because all of the class members have a common theory under the same two West Virginia code sections. These issues predominate over any individual questions, and the proposed settlement has mooted any problem of manageability that would attend this case if it were to be tried or litigated on a class action basis.

      f.      <u>Superiority of the Class Action Mechanism</u>. This case is also appropriate for class action status because it would promote both efficiency and uniformity of judgment, as the numerous class members, many of whom would lack the necessary resources, will not be forced to separately pursue claims or execute settlements in various courts.

4.  Subject to the Agreement, the Court conditionally certifies the following Settlement Subclasses, which shall be certified for settlement purposes only:

- Subclass 1: December 1, 2010, to June 5, 2014, Release of Information requests - any Attorney, pursuant to written authorization, or Patient who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies;

- Subclass 2: June 6, 2014 to July 5, 2017, Release of Information requests from Patients - any Patient who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of his/her medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies;

- Subclass 3: June 6, 2014 to July 5, 2017, Release of Information requests from Attorneys - any Attorney, pursuant to written authorization who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing and pursuant to the patient's authorization, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants and paid a per-page fee to obtain the copies; and

- Subclass 4: June 6, 2014 to July 5, 2017, Release of Information requests - any Attorney, pursuant to written authorization, or Patient who, on one or more occasions sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by any of the Defendants, and paid a retrieval fee assessed by any Defendant between June 6, 2014 and July 5, 2017.

5.  The named Plaintiffs, Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, Jason Grazuties, Sandra Sheppard, Robert Bradley, and Arvada Martin, are designated as representatives of the Settlement Class.

6.  Plaintiffs' Counsel, William Tiano and Cheryl Fisher, and the law firm of Tiano O'Dell, PLLC, 118 Capitol St, Charleston, WV 25301 are appointed as Class Counsel.

7.  In the event that (1) the Agreement is terminated pursuant to its terms or the Effective Date does not occur; (2) the Agreement is not approved in all material respects by the Court; or (3) the Agreement Preliminary Approval Order, Final Approval Order, and/or Judgment are reversed, vacated, or modified in any material respect by this or any other Court, then (a) all orders entered pursuant to the agreement shall be vacated, including, without limitation, the certification of the Settlement Class and all other relevant portions of this Order; (b) the instant action shall proceed as though an Agreement had never been reached, with the Parties agreeing to refrain from opposing any resultant application to further extend the discovery period; and (c) no reference to the Agreement, or any documents related there, shall be made for any purpose; provided, however, that if the Parties to the Agreement agree to jointly appeal an adverse ruling and the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment are upheld on appeal in all material respects, then the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment shall be given full force and effect. In the event of (1), (2), or (3) of this Paragraph, all Parties reserve all of their rights existing prior to the execution of the Agreement (including, but not limited to, Defendants' right to oppose certification of any class), and the doctrines of res judicata and collateral estoppel shall not be applied.

8.  A hearing on the fairness and reasonableness of the Agreement and to determine whether final approval shall be given to it and the request for attorneys' fees and costs by Class Counsel will be held before this Court on _____. 2017, at _____ a.m./p.m. (the "Final Approval Hearing") [insert date _____ days after date of preliminary approval]. Class Counsel is to file their petition for attorneys' fees and costs by at least twenty (20) days prior to the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the Persons in the Settlement Class.

9.  The Court approves the proposed form of notice to the class (the "Class Notice"), attached as Exhibit B to the Joint Motion and Exhibit C to the Agreement. As soon as practicable after receiving preliminary Court approval of the Agreement and by no later than _____ (45) days following entry of this Order granting preliminary approval, Claims Administrator will mail or email, depending on the requestor, Class Notice to each potential member of the Settlement Class on the Class List at the address reflected thereon or the email address obtained from the West Virginia State Bar. The Class List shall be updated by the national change of address resources offered by the United States Postal Service, prior to the mailing of the Class Notice. As outlined in greater detail in the Agreement, Class Notice will, *inter alia*, direct persons to the **Settlement Webpage, which will publish and make available for download the Proof of Claim and Full Class Notice, provide information as to how persons in the Settlement Class may submit Proof(s) of Claim, and provide an avenue**

**for persons to submit Proof(s) of Claim electronically.** Defendants may make changes to the Class Notice and/or Proof of Claims forms either by agreement with Class Counsel or with the Court's approval. All expenses of such notice shall be paid by Defendants as outlined in the Agreement.

10. The Class Notice constitutes the best notice practicable under the circumstances, is reasonably calculated to communicate actual notice of the litigation and proposed settlement to persons in the Settlement Class, and is due and sufficient notice to all persons entitled to notice of the settlement of this Action.

11. Class Members have until _____, 2017, [*insert date 105 days from date of preliminary approval*] to object to the proposed Agreement. Any Class Member may object to the Agreement by both filing with the Court and mailing to Class Counsel and counsel for Defendants, a written objection that includes: (a) proof of membership in the Settlement Class including, but not limited to, the full name and address of the objector and the name of the patient(s) for whom the copies of medical records were requested; (b) the specific grounds for the objection and the reasons why such Class Members desire to appear and/or be heard; and (c) all documents or writings that such Class Member desires the Court to consider. In order for any objection to be valid, the Class Member responsible for paying or reimbursing the individual that paid Defendants for copies of medical records must: (1) sign the objection; (2) verify that they are the Person who paid out-of-pocket for the costs to obtain the copies of medical records from Defendants during the Class Period; and (3) identify the ROI Request(s) providing them standing to assert an objection.

12. Any Class Member wishing to appear in person at the Final Approval Hearing instead of submitting only a written objection must, along with the required written objection and within ninety (90) calendar days after the date of preliminary approval of this Agreement, file with the Clerk of the Court, a written notice of intention to appear at the Final Approval Hearing and mail copies of the same to Class Counsel and counsel for Defendants, at the addresses designated in the Class Notice, postmarked by the last date to file the notice of intention to appear. Any Class member who complies with these requirements may appear in person or through counsel, at his or her expense, at the Final Approval hearing, to present any evidence or argument that may be proper and relevant. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall forever be barred from making any such objections in the Action. No Class Member shall be heard, and no papers, briefs, pleadings or other documents submitted by any such Class member shall be received and/or considered by the Court unless submitted within the time specified above and in the Class Notice.

13. The Court approves the Proof of Claim, attached as part of Exhibit E to the Joint Motion and Exhibit E to the Agreement. Class members may submit Proof(s) of Claim by properly completing all "required" fields denoted therein either **electronically on the Settlement Webpage,** or by mailing them to the address identified on the Proof of Claim form itself. All Proofs of Claim must be submitted **electronically or** postmarked (if mailed) no later than _____, 2017 [*insert date 45 days after date of Final Approval Hearing*]. Any Proof of Claim that is not properly completed, timely submitted/postmarked, or that does not

otherwise comply with the terms of the Agreement shall be deemed invalid and Class Members submitting such claims shall forfeit any right to payment, while the Agreement, subject to final approval, shall in all other respect be fully enforceable against them.

14. Subject to final approval of the proposed settlement and Agreement, and subject to the Parties providing Class Notice in accordance with this Order, the Court approves the provisions of the Agreement, rendering the settlement and its Release of claims binding on all Class Members, whether or not they actually received notice of the Action or its settlement or submitted Proof(s) of Claim.

15. In the aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Class Members shall be preliminarily enjoined and barred from commencing or prosecuting any claim or action inconsistent with the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Nothing in this Paragraph shall be construed to prevent a Class Member from presenting objections to the court regarding the Agreement in accordance with Paragraph 11 of this Order.

16. The matter of Wilson, et al. v. CIOX Health, LLC, et al., is hereby stayed pending the Final Approval Hearing. The parties shall cease all litigation of this matter unrelated to settlement, including any action related to pending discovery motions, without prejudice to any party.

17. All papers in support of, or in opposition to, the Agreement shall be filed and served in accordance with the following schedule: (a) any objections by Class members and any papers in opposition to the Agreement shall be filed with the Court and served as provided above on or before _____, 2017 [*insert date 105 days from date of preliminary approval*]; and all papers in support of the Agreement, including response to objections, shall be filed with the Court and served on or before _____, 2017 [*insert date 115 days from date of preliminary approval*]. There shall be no replies.

DATED: _____                    _____
                                                  Hon. John T. Copenhaver, Jr.

# Exhibit E

## PROOF OF CLAIM

### MRO Corporation, CIOX Health, LLC and Medi-Copy Services, Inc.
### P.O Box [to be provided]

**Re: Wilson et al. v. CIOX Health, LLC, et al.,** Civil Action No. 2:16-CV-05279, United States District Court for the Southern District of West Virginia, Charleston Division

Dear Class Member:

With this Proof of Claim, you are receiving a "Notice of Pendency of Class Action and Proposed Settlement," which more fully explains this case and the terms of the tentative settlement among the Parties therein. As set forth in the Notice, in order for you or your client/patient to have the opportunity to become eligible for a Monetary Settlement Payment for each qualifying release of information request for copies of medical records from a West Virginia hospital or other medical provider between December 1, 2010 and July 5, 2017 (the "Class Period"), which were processed by MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc. (collectively, "Defendants") and for which payment was rendered, you must: (1) complete all required portions of this Claim Form; (2) sign the Claim Form under penalty of perjury; and (3) follow all the instructions herein, before submitting. **This Claim Form can also be completed on the Settlement Webpage: www._____.com.** Your signed, completed Claim Form must be postmarked to the Settlement Administrator, Analytics Consulting, LLC, **or submitted electronically, no later than _____, 2017.**

NO CLAIM FORM WILL BE ACCEPTED BY MRO CORPORATION; CIOX HEALTH, LLC; HEALTHPORT TECHNOLOGIES, LLC; MEDI-COPY SERVICES, INC., OR AT ANY WEST VIRGINIA HOSPTIAL OR MEDICAL FACILITY SERVICED BY THE DEFENDANTS.

The Monetary Settlement Payment for each eligible request will be calculated as follows:

- Subclass 1: December 1, 2010 to June 5, 2014, Release of Information requests from Patients or Attorneys:
  - o any Attorney, pursuant to written authorization, or Patient who, on one or more occasions between December 1, 2010 and June 5, 2014, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee to obtain copies, shall obtain the difference between the per-page fee paid and the negotiated fee of $0.50 per page. For example, a Release of Information requestor that paid $0.75 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $250.00 ($0.25 per-page difference x 1,000 pages).

- Subclass 2: June 6, 2014 to July 5, 2017, Release of Information requests from Patients:
  - o any Patient who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of his/her medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee to obtain copies, shall

obtain the difference between the per-page fee paid for their records and the negotiated fee of $0.12 per page.  For example, a patient that requested their copies of their records and paid $0.49 per-page for 1,000 pages of medical records during the subject time period, would be reimbursed $370.00 ($0.37 per-page difference x 1,000 pages).

- Subclass 3: June 6, 2014 to July 5, 2017, Release of Information requests from Attorneys:
  o any Attorney, pursuant to a written authorization, who, on one or more occasions between June 6, 2014, and July 5, 2017, sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants and paid a per-page fee to obtain copies, shall obtain the difference between the per-page fee paid for medical records and the negotiated fee of $0.28 per page.  For example, an attorney that requested medical records and paid $0.55 per page for 1,000 pages of medical records during the subject time period, would be reimbursed $270.00 ($0.27 per-page difference x 1,000 pages).

- Subclass 4: June 6, 2014 to July 5, 2017, Release of Information requests from Patients or Attorneys:
  o any Attorney, pursuant to a written authorization, or Patient who, on one or more occasions between June 6, 2014, and July 5, 2017 sought, in writing, copies of a patient's medical records from a West Virginia medical provider serviced by Defendants, and paid a retrieval fee assessed by Defendants between June 6, 2014 and July 5, 2017, shall be reimbursed the entire retrieval fee.

If you have any questions with regard to completing this Claim Form, write to Counsel for Plaintiffs and the Settlement Class: William Tiano and Cheryl Fisher, and the law firm of Tiano O'Dell, PLLC, 118 Capitol St, Charleston, WV 25301.  **Do not contact the Court; MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, or Medi-Copy Services, Inc.; or MRO Corporation, CIOX Health, LLC and/or Medi-Copy Services, Inc.'s counsel** for advice or information about this Settlement.  It is your responsibility to make sure that your Claim Form is timely received; the Parties and their attorneys cannot assume responsibility for Claim Forms that are not received.  You should keep a copy of your completed Claim Form for your records.   **Claim Forms that do not comply with all requirements herein shall be deemed invalid.**

Please see the attachment to this letter, which identifies any request for copies of medical records for which MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc., invoiced you during the Class Period, which were paid.  **Only attorneys that requested copies of medical records during the Class Period (i.e., not a government agency, an insurance company, or some other entity not acting through an attorney or on behalf of the patient or an authorized representative or authorized agent), clients of attorneys who reimbursed their attorney for per page or retrieval fees for copies of a patient's medical records pursuant to a written authorization, or the patient themselves are potentially eligible to recover under this settlement.  If the patient or client did not reimburse the attorney for the payment of MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc.'s invoice(s) as of the date**

of this Notice, then the attorney is entitled to recover the settlement amount indicated above.  If the patient or client <u>reimbursed</u> the attorney by any means (i.e., retainer, direct payment, deduction from settlement proceeds, or cost judgment), then the patient or client is eligible to recover.   To recover, please fill out the required sections and sign where indicated below or go to the Settlement Webpage and follow the instructions to register thereon.

<u>IMPORTANT INSTRUCTIONS:</u>   The "Claimant" in section I below is the person to whom a settlement check will be issued and mailed if the Claim Form is validated. Claimants may be patients/clients or attorneys but only one or the other may recover for any particular invoice.

I.      <u>CLAIMANT INFORMATION</u>

**\*Name**

**\*First**                                                      **\*Last**

_____          _____

**\*Mailing Address**

_____

**\*City**                                   **\*State**        **\*Zip Code**

_____          _____          _____

Telephone Number (*Daytime*)                 Telephone Number (*Evening*)

_____          _____

Telephone Number (*Mobile*)

_____

Email Address

_____

\* - Denotes Required Fields

II.      <u>ATTORNEY RECOVERY FOR ATTORNEY REQUEST</u>

I, (print your name) _____certify that I am an
attorney at the law firm (print law firm name) _____,
That my law firm represented _____
(clients/patients) identified in entry/entries _____

on the attachment hereto at the time the law firm requested copies of his/her/their medical records, and that my law firm is entitled to recover the settlement amount for each of the entries listed above, because the above-listed patient(s) or client(s) has/have <u>not</u> reimbursed the law firm for payment of MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc.'s invoice as of this date.

Dated on _____, 2017      _____
                                                                                (Signature)

## III.   PATIENT/CLIENT RECOVERY FOR ATTORNEY REQUEST

I, (print your name) _____ certify that I was a client of the law firm (print law firm name) _____,
That my law firm obtained copies of medical records in the course of the representation of my            interests,            identified            in            entry/entries
_____
on the attachment hereto, and that I am entitled to recover the settlement amount for entry/entries _____, because I have reimbursed my law firm for payment of MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc.'s invoice referenced above.

Dated on _____, 2017      _____
                                                                                (Signature)

**NOTE:** BOTH A REQUESTOR AND PATIENT CANNOT RECOVER FOR THE SAME CLAIM. VERIFY THAT THE ADDRESSES PROVIDED HEREIN ARE CORRECT. IF AN INCORRECT ADDRESS IS PROVIDED, MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc. HAVE NO OBLIGATION TO SEARCH FOR A CORRECTED ADDRESS.

## IV.   PATIENT RECOVERY FOR PATIENT REQUEST

I, (print your name) _____ certify that I requested and paid for copies of my medical records, identified in entry/entries _____, on the attachment hereto, and that I am entitled to recover the settlement amount for entry/entries _____, because I have not been reimbursed for my payment of MRO Corporation, CIOX Health, LLC, HealthPort Technologies, LLC, and/or Medi-Copy Services, Inc.'s invoice referenced above.

Dated on _____, 2017      _____
                                                                                (Signature)