IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS M. WILSON, SR.;
DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY;
JASON GRAZUTIES; SANDRA SHEPPARD,
ROBERT BRADLEY; and ARVADA MARTIN
Individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.                              Case No.: 2:16-cv-05279

MRO CORPORATION, a Pennsylvania
Corporation; CIOX HEALTH, LLC, a Georgia
Corporation; and MEDI-COPY SERVICES, INC.,
a Tennessee Corporation,

       Defendants.

## MEMORANDUM OPINION and ORDER

Pending is the Joint Motion by Intervenors to Receive Discovery, (ECF No. 193). Plaintiffs have responded to the Motion, indicating that they have no objection to sharing discovery with the Intervenors, subject to the previously entered Protective Order, **_assuming_** the Court grants the Intervenors' pending Motion to Intervene. (ECF No. 198). Defendants have also responded, objecting to the motion to receive discovery on several grounds, including that the Court has not yet granted the Intervenors' Motion to Intervene; consequently, their request for discovery is premature and without precedent. (ECF Nos. 197, 199). The Intervenors have replied, arguing that they were putative plaintiffs in various cases alleging similar claims as those asserted by Plaintiffs herein; that they need the discovery in this action to demonstrate to the Court why the proposed

1

class settlement is inadequate; and as long as they are subject to the Protective Order, there is no reason why they should not be permitted to access the discovery. (ECF No. 200). The Intervenors further contend that, contrary to Defendants' assertion, precedent does exist in support of the Intervenors' position, citing *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation,* 255 F.R.D. 308 (D. Conn. 2009).

Having considered the arguments, the undersigned agrees with Defendants that the Intervenors' request for discovery is premature. The Intervenors' motion to intervene is pending; they are not parties to the instant action. They are not counsel for the parties, employees of counsel working on the matter, expert witnesses or consultants engaged by counsel, or court personnel. Therefore, no confidential information disclosed in discovery may be shared with them pursuant to the Protective Order entered in this litigation. Furthermore, while the public has a First Amendment and common law right to access most court documents, no universally accepted right exists to access discovery materials; particularly, when the discovery materials are not part of the official court record. As Defendants point out, there seems to be no clear precedent allowing the Intervenors to obtain discovery before their motion to intervene has been granted. Indeed, the Intervenors have not supplied any such precedent to this Court.

The decision relied upon by the Intervenors is not on point; however, to the extent the case does apply, it actually supports denial of their motion. In *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation, supra*, the lead plaintiff in a Canadian antitrust class action moved under Fed. R. Civ. P. 24(b) to intervene in a very similar multidistrict class action pending in the United States District Court for the District of Connecticut for the express purpose of seeking modification of a protective order entered by that Court. The Canadian plaintiff hoped to convince the District Court

to relax the terms of the protective order and allow discovery already collected in the American action to be shared with the Canadian litigants in their pending case. In ruling on the motion to intervene and modify the protective order, the District Court noted that "[w]hether to grant intervention and whether to grant modification of a protective order are two separate issues." *Id.,* 255 F.R.D. at 314. The District Court explained that "[o]nly if the court determines that a party should be permitted to intervene, is the issue of modification of a protective order examined." *Id.* (citing *In re Vitamins Antitrust Litig.,* No. MISC. 99–197(TFH), MDL 1285, 2001 WL 34088808, at *2 (D.D.C. Mar. 19, 2001)). Although the Intervenors in this case seek to intervene for reasons more complex than simply to modify a protective order, and their motion is made under Rule 24(a)(2) rather than 24(b), the point is that non-parties generally must file motions to intervene under Rule 24(b) in order to obtain discovery subject to a protective order. *In re Vitamins Antitrust Litig.,* 2001 WL 34088808, at *2. When considering motions to intervene seeking the production of protected discovery, courts uniformly approach the motions using a two-step process, with the first step being the propriety of the intervention. Accordingly, for the reasons stated, the Joint Motion by Intervenors to Receive Discovery, (ECF No. 193), is **DENIED**, as premature.

    The Clerk is directed to provide a copy of this Order to counsel of record and counsel for the Intervenors.

**ENTERED:** October 4, 2018

Cheryl A. Eifert
United States Magistrate Judge