IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**THOMAS M. WILSON, SR.,
DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY,
JASON GRAZUTIES, SANDRA SHEPPARD,
PAMELA BRADLEY, as EXECUTRIX of the
ESTATE OF ROBERT BRADLEY, DEBORAH MARTIN
as EXECUTRIX of the ESTATE OF ARVADA MARTIN,
LISA NEW, and ROBERT STRATTON,
individually and on behalf of all others similarly situated;**

       **Plaintiffs,**         Civil Action No. 2:16-CV-05279
                                                     Honorable John T. Copenhaver, Jr.

**v.**

**MRO CORPORATION; a Pennsylvania Corporation;
CIOX HEALTH, LLC; a Georgia Limited Liability
Company; and MEDI-COPY SERVICES, INC.; a
Tennessee Corporation,**

       **Defendants.**

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, Thomas M. Wilson, Sr., Daniel Halsey as Administrator of the Estate of Tamara Halsey, and Jason Grazuties, Sandra Sheppard, Pamela Bradley as Executrix of the Estate of Robert Bradley, Deborah Martin as Executrix of the Estate of Arvada Martin, Lisa New, and Robert Stratton to bring this matter on behalf of themselves and others similarly situated, concerning Defendants' violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), *W.Va. Code* § 16-29-1, *et seq.*, and West Virginia law.

      1.    Plaintiffs bring this proposed class action seeking damages against Defendants for their systematic assessment and collection of improper and excessive charges that

Plaintiffs and others paid for copies of personal medical records regarding treatment they received at West Virginia hospitals and other health care providers where Defendants contract to produce patient health care records. West Virginia law entitles patients to obtain an electronic copy of their medical records for a fee based on statutorily outlined labor, supply, and postage costs. Federal law requires that if a medical provider maintains patient records in an electronic format, the person is entitled to receive a copy of those records in an electronic format for a reasonable fee, the cost of labor for copying, the cost of electronic media and postage. No other fees may be assessed.

2. Defendants contract with certain West Virginia hospitals and other healthcare providers to produce patient health care records. West Virginia hospitals and other health care providers maintain medical records in electronic format to receive insurance, Medicare and Medicaid incentive payments, and other reasons not related to any request by Plaintiffs and other patients for production of their medical records.

3. Defendants charge more for copies than what is allowed by law. At times Defendants bill for and produce paper copies even though records are stored electronically, and electronic copies are requested. Defendants billed Plaintiffs for per page rates, labor, and processing fees that are in excess of the labor and supply costs allowed for providing copies of electronically stored records.

4. Defendants' acts violate the West Virginia Consumer Credit and Protection Act and are unfair, deceptive and illegal. Plaintiffs seek to recover the overcharges that they and others have paid for medical records as a result of the Defendants' unlawful charges for medical records.

5. The Plaintiff, Thomas M. Wilson, Sr., is a resident of Leon, West Virginia, and has resided there at all times as alleged herein.

6. The Plaintiff, Daniel Halsey, as Administrator of the Estate of Tamara Halsey, is a resident of Bluefield, Virginia and has resided there at all times as alleged herein.

7. The Plaintiff, Jason Grazuties, is a resident of Nottingham, Maryland, and has resided there at all times as alleged herein.

8. The Plaintiff, Sandra Sheppard, is a resident of West Hamlin, West Virginia, and has resided there at all times as alleged herein.

9. The Plaintiff, Pamela Bradely, as Executrix of the Estate of Robert Bradley, is a resident of Stollings, West Virginia, and has resided there at all times as alleged herein.

10. Robert Bradley was a resident of Stollings, West Virginia, and resided there at all times as alleged herein.

11. The Plaintiff, Deborah Martin as Executrix of the Estate of Arvada Martin, is a resident of Hilton Head, South Carolina.

12. Avarda Martin was a resident of Milton, West Virginia, and resided there at all times as alleged herein.

13. The Plaintiff Lisa New is a resident of Wyoming County, West Virginia, and has resided there at all times as alleged herein.

14. The Plaintiff Robert Stratton is a resident of Mingo County, West Virginia, and has resided there at all times alleged herein.

15. The Defendant, MRO Corporation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and doing business throughout West Virginia and in Kanawha County, West Virginia at all times alleged herein.

16. The Defendant, CIOX Health, LLC, formerly known as and successor in interest to Healthport Technologies, LLC, is a limited liability company organized and existing

under the laws of state of Georgia and doing business throughout West Virginia and in Kanawha County, West Virginia at all times alleged herein.

17. The Defendant, Medi-Copy Services, Inc., is a corporation organized and existing under the laws of the state of Tennessee and doing business throughout West Virginia and in Kanawha County, West Virginia at all times alleged herein.

18. Defendants have entered into contracts with West Virginia hospitals and other health care providers to provide copies of medical records to patients and their representatives, attorneys, insurers, government entities, among other individuals and entities.

19. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") required the establishment of national standards for the use of electronic medical records. HIPAA sought to regulate the use and disclosure of protected health information by covered entities. These entities include healthcare providers, health insurers and independent contractors of covered entities, and those who execute a business associate agreement. The Defendants are independent contractors, agents, or business associates of covered entities and by definition, the Defendants are covered entities under HIPAA.

20. The Health Information Technology for Economic and Clinical Health Act ("HITECH") enacted at 42 U.S.C. § 17935 includes provisions that require patients be given access to certain information in electronic format including their electronic health record. These provisions under the HITECH Act are mandatory. While the Defendants may impose a reasonable fee allowed by law for providing an individual with a copy of their health information in electronic form, Defendants may not charge amounts greater than those permitted by law.

21. Business Associates such as Defendants may not directly or indirectly receive remuneration in exchange for any protected health information of an individual, including Plaintiffs and others.

22. The law defines allowable charges where an individual requests a copy of protected health information. Covered entities may impose a reasonable, cost-based fee, provided that fee includes only the cost of:

- Labor for copying the protected health information requested by the individual, whether in paper or electronic form;
- Supplies for creating the paper copy or electronic media if the person requests that the electronic copy be provided on portable media;
- Postage, when the individual has requested a copy, summary or explanation be mailed; and
- Preparing an explanation or summary of the protected health information, if agreed to by the individual.

23. The laws apply to both paper and electronic records. A covered entity may not charge a retrieval fee. This ensures that the fee requirements for electronic access are consistent with the requirements for hard copies, which do not allow retrieval fees. 78 Fed. Reg. 5566, 5635-36. With respect to electronic copies, the cost-based fees are expected to be negligible. *Id.*

24. Under *W.Va. Code* § 16-29-1, a healthcare provider shall upon written request of a patient, his or her authorization or representative, within a reasonable time furnish a copy of the patient's medical records in electronic form to the patient, his or her authorized agent, or authorized representative. Under *W.Va. Code* § 16-29-2, a person requesting medical records from a provider shall pay a reasonable, cost-based fee, at time of delivery regardless of how the records are produced. For electronic records, the fees shall be based on the provider's cost of placing the records in electronic media, supplies and postage. These charges are nearly identical

to those allowed by HITECH. For paper records, the fee shall be based on the provider's labor for copying and supplies for creating the paper copy.

25. Hospitals and other health care providers are eligible to receive incentive payments for reaching defined benchmarks for the adoption of electronic medical record systems and use of electronic health records. West Virginia hospitals and other health care providers with whom Defendants contract have implemented electronic medical record systems to receive these incentive payments.

26. The Defendants contract with West Virginia hospitals and other health care providers to process medical record requests and supply copies of medical records to patients including Plaintiffs and others. Defendants are for profit private companies which have been charging remuneration in excess of the statutory amounts allowed by law.

27. The Defendant, CIOX Health, LLC, touts the most connected workforce in the world with more than 7500 record release experts connected through technology and can easily process any size request for information.

28. The Defendant, Medi-Copy Services, Inc., claims its services are tailored specific to each client, aiming to create a straightforward and efficient system for each party involved.

29. The Defendant, MRO Corporation, asks to be contacted to capture and access paper documents electronically, saving time, money and office space.

30. The Defendants charge far in excess of the actual cost of labor, supplies, and postage involved in providing copies of medical records to patients, including Plaintiffs and others. The time that Defendants are storing electronic medical records in their system is not labor. Per page copy charges are not labor costs when no labor goes into copying each page, especially

when the medical records are stored and converted electronically. It also does not require more labor to provide copies to an individual's attorney than it does to provide the same access to an individual.

27. On February 3, 2016, Thomas Wilson, Sr. through his representatives requested a copy of his medical records in electronic form from Cabell Huntington Hospital. Plaintiff's counsel received an invoice from MRO dated March 7, 2016. The charges exceed those permitted by law.

28. On April 26, 2016, Sandra Sheppard through her representatives requested a copy of her medical records in electronic form from Cabell Huntington Hospital. Plaintiff's counsel received an invoice from MRO dated May 23, 2016. These charges exceed those permitted by law.

31. The Defendant, MRO Corporation failed to comply properly with the request for electronic records.

32. On October 22, 2014, Daniel Halsey as Administrator of the Estate of Tamara Halsey, through his representatives, requested a copy of Tamara Halsey's medical records in electronic form from Bluefield Regional Medical Center. Plaintiff's counsel received an invoice from Healthport, dated October 31, 2014. The charges exceed those permitted by law.

33. On August 18, 2016, Robert Bradley, through his representatives, requested a copy of his medical records in electronic form from Logan Regional Medical Center. Plaintiff's counsel received an invoice from HealthPort, dated August 20, 2016. These charges exceed those permitted by law.

34. The Defendant, CIOX Health, LLC, failed to comply properly with the request for electronic records.

35. On September 30, 2014, Jason Grazuties, through his representatives, requested a copy of his medical records in electronic form from Logan Regional Medical Center. Plaintiff's counsel received an invoice from Medi-Copy Services, Inc., dated October 3, 2014. The charges exceed those permitted by law.

36. On November 23, 2016, Arvada Martin, through her representatives, requested a copy of her medical records in electronic form from Valley Health. Plaintiff's counsel received an invoice from Medi-Copy Services, Inc., dated December 4, 2015. These charges exceed those permitted by law.

37. The Defendant, Medi-Copy Services, Inc. failed to properly comply with the request for electronic records.

38. On January 20, 2014, and February 10, 2015, Lisa New, through her representatives, requested a copy of her medical records from Logan General Hospital, LLC. The records were maintained and/or produced electronically. Plaintiff's counsel received and paid an invoice from Medi-Copy Services, Inc., for which Miss New reimbursed her counsel. These charges exceeded those permitted by law.

39. On or After April 1, 2014, Robert Stratton, through his representatives, requested a copy of his medical records from Logan General Hospital, LLC. The records were maintained and/or produced electronically. Plaintiff's counsel received and paid an invoice from Medi-Copy Services, Inc., for which Mr. Stratton reimbursed his counsel. These charges exceeded those permitted by law.

40. Defendants have overcharged Plaintiffs and systematically overcharge other patients who seek their protected health information.

41. Plaintiffs bring this action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure on their own behalf, and on behalf of those similarly situated for a proposed class of all persons who are patients of health care providers, or designated representatives of patients of health care providers, who Defendants charged an amount in excess of that allowed by law for copies of medical records when they requested electronic medical records be produced on electronic media, individually or through another person acting on their behalf, from West Virginia hospitals and other health care providers that contract with Defendants to produce medical records. This action is maintainable as a class action under Rule 23(a) and (b)(1) and (b)(3) of the West Virginia Rules of Civil Procedure.

42. The class consists of hundreds and perhaps thousands of people who have obtained their medical records from the Defendants. The class is so numerous that joinder of all parties is impracticable and the disposition of these claims as a class action will benefit the parties and the Court.

43. There are common questions of law and fact applicable to all the class which have the capacity to drive resolution of this action. The common questions of law and fact predominate over any questions affecting only individual class members. Common questions of law and fact include:

- Whether the Defendants violated state and federal law regarding reasonable charges for copies of electronic medical records;
- Whether the Defendants failed to disclose material facts concerning the medical records of Plaintiffs in the class;
- Whether the Defendants charged the Plaintiffs and class members prices for their medical records that are unconscionable under the WVCCPA;
- Whether the Defendants conduct is an unfair or deceptive act or practice under WVCCPA; and
- Whether the Plaintiffs in the class have sustained damages with respect to the claims asserted.

44. Plaintiffs' claims are typical of the claims of the class because all class members were overcharged by the Defendants for their medical records. The Plaintiffs' claims and those of the class are the same legal theories that arise from the same actionable conduct.

45. The Plaintiffs are adequate representatives of the class because their interests do not conflict with other class members. Each class member is entitled to damages reflecting a similar purchase or purchases of medical records that each class member or their representative made. The Plaintiffs have retained competent and experienced counsel who intend to vigorously pursue this action. The class members' interests will be fully and adequately protected by the Plaintiffs and their counsel.

46. A class action is superior to other available means for fair and efficient adjudication because joinder of all class members is impracticable and the amount at stake for each consumer, while significant is such that individual in litigation would be inefficient and cost prohibitive. Moreover, adjudication of the controversy will avoid the possibility of inconsistent and conflicting adjudication of class member claims asserted.

47. The illegal and unjustified acts of the Defendants are subject to injunctive relief under Rule 23(b)(2). The Plaintiffs can direct a Court approved notice to potential class members informing them of their rights.

## **COUNT I**

48. The Plaintiff re-alleges paragraphs 1 through 47 as though set forth fully herein, and further alleges as follows:

49. The Plaintiffs bring this claim pursuant to the West Virginia Consumer Credit and Protection Act, the purpose of which is to compliment the body of Federal law governing unfair competition and unfair deceptive and fraudulent acts or practices in order to

protect the public and foster fair and honest competition. *W.Va. Code* § 46A-6-101. Article 6 of the West Virginia Consumer Credit and Protection Act entitled AGeneral Consumer Protection@ is designed to protect persons from unfair or deceptive acts and practices.

50. Defendants' practice of charging fees in excess of a reasonable fee for the production of electronic medical records violates the WVCCPA.

51. Defendants' charges for medical records are not reasonable fees and Defendants policies and practices of charging patients and their representatives per page rates and other charges for copies of medical records exceed the labor and supply cost of responding to request for copies violate the WVCCPA as an unfair or deceptive act or practice pursuant to *W.Va. Code* § 46A-6-104 and *W.Va. Code* § 46A-6-102.

52. Defendants' policies and procedures of charging higher amounts for copies of medical records than they may charge others constitutes an unfair or deceptive act or practice under the WVCCPA pursuant to *W.Va. Code* § 46A-6-104 and *W.Va. Code* § 46A-6-102.

53. Defendants' failure to inform consumers that they are entitled to an electronic copy of medical records maintained in an electronic format at a lower cost constitutes a failure to state a material fact that misleads the public.

54. The WVCCPA makes it unlawful to engage in unfair and deceptive acts or practices in the conduct of any trade or commerce. The charges posed by the Defendants violate the WVCCPA and, further, violate the limitations on charges for medical records as set forth in HIPAA, the HITECH Act, West Virginia statute and related state and federal regulations.

## COUNT II

55. The Plaintiff re-alleges paragraphs 1 through 54 as though set forth fully herein, and further alleges as follows:

56.  Under *W.Va. Code* § 16-29-2, a person requesting records from a provider shall place their request in writing and pay a reasonable cost based fee at the time of delivery. Included within this is the providers cost of placing the records in electronic media, supplies and postage. These records are to be provided upon written requests of a patient, his or her authorized agent or authorized representative within a reasonable period of time pursuant to *W.Va. Code* § 16-29-1.

57.  The acts of the Defendants charging in excess of a reasonable fee for an electronic medical record violates West Virginia statute.

58.  Hospitals and other health care providers in Kanawha County and throughout West Virginia have executed associate business agreements with the Defendants to produce patient medical records.

59.  The Defendants charged far in excess of the actual costs of labor and supplies involved in providing copies of medical records. Defendants' charges for medical records exceed their labor and supply cost and are not reasonable fees under *W. Va. Code* § 16-29-2.

60.  Defendants' failure to inform consumers and their representatives that they are entitled to an electronic copy of their medical records at a lower cost constitutes a failure to state a material fact that intends to mislead and violates West Virginia statute.

## **RELIEF SOUGHT**

The Plaintiffs seek the following relief:

A.  That the matter be certified as a class action pursuant to Rule 23 with the undersigned designated as class counsel;

B.  Judgment in favor of the Plaintiffs;

C.  Injunctive Relief that prohibits the excessive and unlawful charges;

D. Equitable relief including but not limited to restitution and disgorgement of monies obtained as a result of over charges;

E. Due recovery of excess;

F. Civil penalties for each repeated and willful violation of Chapter 46A;

G. Pre-judgment and post-judgment interest;

H. Cost and reasonable attorney fees;

I. Statutory interest;

J. Punitive damages; and

K. All other relief as this Honorable Court deems appropriate.

**WHERFORE THE PLAINTIFFS FURTHER DEMAND A TRIAL BY JURY.**

**THOMAS M. WILSON, SR.,
DANIEL HALSEY as ADMINISTRATOR
of the ESTATE OF TAMARA HALSEY,
JASON GRAZUTIES, SANDRA SHEPPARD,
PAMELA BRADLEY, as EXECUTRIX of the
ESTATE OF ROBERT BRADLEY,
DEBORAH MARTIN
as EXECUTRIX of the ESTATE OF ARVADA
MARTIN,
LISA NEW, and ROBERT STRATTON,
individually and on behalf of all others similarly
situated;**

By Counsel,

/ s/ William M. Tiano  _____
William M. Tiano (WVSB # 4308)
TIANO O=DELL PLLC
118 Capitol Street
Post Office Box 11830
Charleston, West Virginia  25339
(304) 720-6700

13

wtiano@tolawfirm.com
*Counsel for Plaintiffs Wilson, Halsey, Grazuties, Sheppard, Bradley, and Martin*

And

/s/ Amanda J. Taylor
Amanda J. Taylor (WVSB 11635)
Taylor, Hinkle & Taylor
115 ½ S. Kanawha St.
Beckley, WV 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com

and

Stephen P. New (WVSB 7756)
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
304.250.6017 (P)
304.250.6012 (F)
steve@newlawoffice.com

and

Steven S. Wolfe (WVSB 11914)
J. Christoper Whtie (WVSB 9462)
Wolfe White & Associate
PO Box 536
Logan, WV 25601
304.752.7715 (P)
304.752.7710 (F)

and

D. Adrian Hoosier, II (WVSB 10013)
Hoosier Law Firm PLLC
213 Hale St., Ste. 100
Charleston, WV
304.345.8030 (P)
*Counsel for Plaintiffs Lisa New and Robert Stratton*